UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHELE DAVIS AND VICTORIA BLASZAK,
*on behalf of themselves and all other employees similarly
situated,*

|                                       |
| ------------------------------------- |
|                       *Plaintiffs,*   |

v.

RIVERFRONT ON THE NIAGARA, LLC, d/b/a
ACQUA RESTAURANT AND CATERING, 2192
NIAGARA STREET, LLC, CLASSIC EVENTS AT
THE LAFAYETTE, LLC, EVENTS AT THE
FOUNDRY, LLC, MOLLY FORD KOESSLER, AND
WILLIAM KOESSLER,

|                                       |
| ------------------------------------- |
|                       *Defendants.*   |

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

Civil Action No.

15-cv-00429
_____

Plaintiffs Michele Davis and Victoria Blaszak ("Named Plaintiffs"), on behalf of themselves and all other persons similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Thomas & Solomon LLP, bring this class and collective action complaint against Riverfront on the Niagara, LLC, d/b/a Acqua Restaurant and Catering, 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, Molly Ford Koessler, and William Koessler (collectively, "Defendants") and allege as follows:

<u>NATURE OF ACTION</u>

1.      This lawsuit seeks to recover damages in the form of unpaid wages and pay as well as injunctive relief and declaratory relief on behalf of the Named Plaintiffs and similarly situated banquet service workers (including, but not limited to job titles such as banquet server, captains and bartenders) who worked or have worked for Defendants at Acqua Restaurants & Banquets, Marquis de Lafayette by Acqua Catering & Banquets, and/or Foundry Hotel & Banquet (collectively "Acqua") in the Buffalo, New York area.

2.      Named Plaintiff Davis brings this action on behalf of herself and similarly

situated current and former hourly banquet service workers who elect to opt in to this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b), for Defendants' failure to pay wages for all hours worked, including overtime for those hours in excess of 40 in a workweek; and for Defendants' failure to include all remuneration, such as mandatory gratuities, in the regular rate of pay used to calculate the overtime rate for hours worked in excess of forty (40) hours per workweek.

3.     Named Plaintiffs Davis and Blaszak also bring this action as a class action on behalf of themselves and similarly situated current and former hourly banquet service workers pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy the violations of applicable state labor laws and regulations including, but not limited to: NYLL § 191 *et seq.*; NYLL § 195-1; NYLL § 196-d; NYLL § 663; and New York State Department of Labor Regulations §§ 137-1.7, 137-2.6, 142-2.4, 146-2.2, 146-1.6, 146-2.18, and 146-2.19.

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under 28 U.S.C. § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because Plaintiffs' state law allegations are related to and arise from the same core of operative facts as Plaintiffs' allegations for violations of the FLSA.

6.     Venue is appropriate in the Western District of New York since the allegations arose in this district, Defendants do business in this district, and Plaintiffs reside in this district.

## THE PARTIES

*Named Plaintiffs*

7.     At all relevant times, Named Plaintiffs Michele Davis and Victoria Blaszak were employees of Defendants under the FLSA and NYLL within this district.

8.     Named Plaintiff Davis worked as an hourly banquet server and a banquet captain at Acqua from approximately September 2013 until June 2014.

9.     Named Plaintiff Davis estimates on average she worked 30-45 hours in a workweek. During the busier season of April through September and again during the end of October through the beginning of January, Named Plaintiff Davis often worked in excess of 40 hours in a workweek. Named Plaintiff Davis estimates this occurred approximately 1-2 times a month.

10.     In addition to her scheduled hours, Plaintiff Davis performed additional work, including working through her half hour or hour unpaid meal breaks.  Plaintiff Davis estimates she did not have her complete meal break approximately 99% of the time.  During her unpaid meal breaks, Named Plaintiff Davis continued to perform her regular duties such as serving food, clearing plates, setting up tables, and breaking down tables.

11.     Named Plaintiff Blaszak worked as an hourly banquet server at Acqua from approximately February 2014 until May 2014.

12.     Named Plaintiff Blaszak estimates on average she worked approximately 15-25 hours in a workweek.

13.     In addition to her scheduled hours, Plaintiff Blaszak performed additional work, including working through her half hour or hour unpaid meal breaks.  Plaintiff Blaszak estimates she did not have her complete meal break close to 100% of the time.  During her unpaid meal breaks, Named Plaintiff Blaszak continued to perform her regular duties such as serving food, clearing plates, setting up tables, and breaking down tables.

*Defendants*

14.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

15.     At all relevant times to this action, Defendants were or have been an enterprise engaged in interstate commerce or in the production of goods for commerce within the meaning of the FLSA.

16.     Defendants' employees are engaged in interstate commerce, and their annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

17.     Defendants Riverfront on the Niagara, LLC, 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, and Events at the Foundry, LLC are related entities owned and operated by William Koessler and/or Molly Ford Koessler to provide restaurant and banquet services at their three Acqua locations in the Buffalo, New York area.

18.     Defendants have common ownership, share common management, have centrally organized and controlled human resources and labor relations and constitute an integrated enterprise.

19.     Defendants are the employer (single, joint or otherwise) of the plaintiffs and/or the alter egos of each other.

*Riverfront on the Niagara, LLC*

- 4 -

20.    Defendant Riverfront on the Niagara is a domestic limited liability company registered in New York.

21.    Defendant Riverfront on the Niagara has a principal place of business at 2192 Niagara Street, Buffalo, NY 14207.

22.    Defendant Riverfront on the Niagara owns and/or manages Acqua Restaurant and Catering in Buffalo, New York.

23.    Defendant Riverfront on the Niagara is listed as Plaintiffs' employer on paystubs.

*2192 Niagara Street, LLC*

24.    Defendant 2192 Niagara Street, LLC is a domestic limited liability company registered in New York.

25.    Defendant William Koessler owns and/or operates 2192 Niagara Street, LLC.

26.    Further, through Defendant William Koessler's company 2192 Niagara Street, LLC, Defendant William Koessler purchased the facility which became Acqua Restaurant and Catering in Buffalo, New York.

*Classic Events at the Lafayette, LLC*

27.    Defendant Classic Events at the Lafayette, LLC is a domestic limited liability company registered in New York.

28.    Defendant Classic Events at the Lafayette, LLC has a principal place of business at 391 Washington Street, Buffalo, NY 14207.

29.    Defendant Classic Events at the Lafayette, LLC owns and/or manages Marquis de Lafayette by Acqua Catering & Banquets in Buffalo, New York.

30.    Defendant Classic Events at the Lafayette, LLC is listed as Plaintiffs' employer

on paystubs.

*Events at the Foundry, LLC*

31.     Defendant Events at the Foundry, LLC is a domestic limited liability company registered in New York.

32.     Defendant Events at the Foundry, LLC has a principal place of business at 1738 Elmwood Avenue, Buffalo, New York.

33.     Defendant Events at the Foundry, LLC owns and/or manages the Foundry Hotel & Banquet location in Buffalo, New York.

34.     Defendant Events at the Foundry, LLC is listed as Plaintiffs' employer on paystubs.

*Defendants are a Single Integrated Enterprise*

35.     Together Defendants constitute a single, integrated enterprise.

36.     Defendants constitute a single, integrated enterprise because they share common management, their operations are interrelated, control over human resources and labor relations is centralized and they have common ownership.

37.     Defendants form a single integrated enterprise because they share common management.

38.     For example, Molly Ford Koessler currently serves as the Director of Operations at all of the Acqua locations.

39.     Previously, Molly Ford Koessler served as the Director of Operations and Sales for all of Acqua.

40.     Further, Defendants have a common Proprietor and CEO.  William Koessler serves as the Proprietor and CEO at all of the Acqua locations.

41.    Defendants form a single integrated enterprise because their operations are interrelated.

42.    Defendants commonly share employees and have employees perform work for all of Defendants.

43.    For example, Defendants routinely have banquet service employees, including Named Plaintiffs, work between the various Acqua locations.

44.    Further, restaurant manager Kristy Clancey was responsible for running payroll for all of Acqua.

45.    Furthermore, Defendants form a single integrated enterprise because their control over human resources and labor relations is centralized.

46.    For example, Defendants all utilize the same employment policies, including timekeeping and pay policies. Plaintiffs used the same written time recording system to record time regardless of the location they performed the work.

47.    Defendants are a single integrated enterprise because they have common ownership.  Defendants were all founded by and are currently owned by William Koessler and/or Molly Ford Koessler.

*Molly Ford Koessler*

48.    Defendant Molly Ford Koessler, with her husband William Koessler, own Acqua.

49.    Molly Ford Koessler also works as the Director of Sales and Operations for all of the Acqua locations.

50.    As Director of Sales and Operations, Molly Ford Koessler's responsibilities include actively managing the operations of Acqua.

51.   In her role as Director of Sales and Operations, Molly Ford Koessler has operational control over Acqua, and over the activities of the Plaintiffs and Class Members.

52.   At all relevant times, Ms. Koessler had the power to hire and fire employees, control the terms and conditions of their employment, and determine the rate and method of their compensation.

53.   Ms. Koessler would review the payroll and time records of Plaintiffs.

54.   Ms. Koessler, in concert with others, has the authority and does make decisions that concern Defendants' operations, including functions related to employment, human resources and payroll.

55.   Molly Ford Koessler also actually makes decisions about day-to-day operations at Acqua, including the policies affecting Plaintiff and Class Members.

56.   For example, "Molly Ford" was regularly identified as the sales representative responsible for booking an event on catering contracts.

57.   Molly Ford Koessler is liable to Plaintiffs because of her active role in operating the business, her status as an employer, and otherwise according to state and federal law.

*William Koessler*

58.   Defendant William Koessler, with his wife Molly Ford Koessler, own Acqua.

59.   William Koessler is also the Proprietor and CEO of Acqua.

60.   In his role as CEO, William Koessler has operational control over Acqua, and over the activities of the Plaintiffs and Class Members, and actively manages Acqua.

61.   For example, it was William Koessler who made the decision in 2011 to buy Harry's Harbor Grille for $1.74 million and use the restaurant space to open Acqua Catering & Banquets in 2011.

62.     Further, in opening Acqua Catering & Banquets, it was also Defendant Koessler's vision to expand the restaurant to include significant business with corporate bookings, private events, weddings and bridal showers.

63.     It was also William Koessler who made the decision to expand operations in 2012 and open Marquis de Lafayette, a banquet and catering center located in the Hotel Lafayette in Buffalo.

64.     William Koessler is liable to Plaintiffs because of his active role in operating the business, his status as an employer, and otherwise according to state and federal law.

## FACTS

65.     At various time periods as described herein, Plaintiffs are or were employed by Defendants as banquet service workers at Acqua, consisting of three restaurant and catering locations located in the Buffalo, New York area.

66.     Acqua routinely hosts weddings, bridal showers, anniversary parties, and other special events.

### Defendants Illegally Retained Mandatory Charges Collected From Customers

67.     This claim arises from Defendants' violation of the NYLL Article 6 § 196-d, which provides that an employer may not "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

68.     New York State Department of Labor Regulation § 146-2.19 (a) requires that a charge for the administration of a banquet or other special event "be clearly identified as such and customers shall be notified that the charge is not a gratuity or tip."

69.     Further, 12 NYCRR § 146-2.19 (b) provides that the employer has the burden

of demonstrating that notification was sufficient to ensure that the reasonable customer understood that the charge was not a gratuity.

70.     12 NYCRR § 146-2.19 (c) sets forth what an employer needs to do in order to provide adequate notification to customers.  For example, the regulations state that a statement shall be included in the contract or agreement with the customer, as well as on any menus and bills, that the charge is for administration, and not purported to be a gratuity, and will not be distributed to employees who provided service to the guests.  These statements must use ordinary language in font similar to surrounding text, but no smaller than 12-point font.

71.     Throughout the relevant time period, Defendants' policy has been to retain the mandatory charge for service that was added to customer bills at all of Defendants' banquet events, even though Defendants failed to ensure that a reasonable customer would understand that the charge was not purported to be a gratuity.

72.     Under Defendants' policy, the mandatory charge for service on all food and beverage charges was not distributed to banquet service employees.

73.     Indeed, owner Molly Ford Koessler instructed Plaintiffs that they were not entitled to the mandatory charge because they made above minimum wage.

74.     Further, Defendants had a policy that failed to clearly identify that the mandatory charge was not a gratuity or tip.

75.     For example, on catering contracts provided to customers the mandatory charge was referred to as "service charge." The documents failed to include the necessary disclaimers indicating that these mandatory charges were in fact retained by Defendants and not distributed to banquet service employees.

76.     Further, on the banquet event order forms, the mandatory charge is simply identified as a 20% charge.   Once again, the documents fail to include the necessary disclaimers indicating that these mandatory charges were in fact retained by Defendants and not distributed to banquet service employees.

77.     Therefore Defendants cannot meet its burden to show that a reasonable customer would know that the mandatory charge added to each bill for banquet events was not distributed to those banquet service employees who provided service to the guests. Instead, Defendants retained the mandatory charge and Plaintiffs are paid on an hourly basis and do not receive any of the collected mandatory charge for service.

78.     Defendants also verbally represented to customers that the service charge was a gratuity, even though they did not pay it to the banquet service employees.   For example, management, including Ms. Koessler, would refer to the mandatory charge as a gratuity when speaking with guests.

79.     Further, when customers inquired about the mandatory charge, Defendants assured customers it was a gratuity.

80.     As a result of Defendants' policy, Named Plaintiffs and the Class are owed the gratuities illegally retained by Defendants from service charges paid by customers.

***Defendants Violated the NYLL and FLSA by Failing to Pay Statutory Required Wages and Overtime Compensation***

81.     Defendants' policy and practice has been to not pay Named Plaintiffs and Class Members for all time worked.

82.     For example, if Named Plaintiff Davis's and Class Members' hours exceeded forty hours, but they worked at more than one location, they would not receive time and one half the regular rate.   Instead of receiving overtime compensation for those hours over 40 in a

workweek, Named Plaintiff Davis and Class Members were paid by separate checks at their normal hourly rate.

83.     As discussed above, Named Plaintiff Davis estimates she worked in excess of 40 hours in a week at more than one location approximately one to two times a month during the high volume season of April through September and again the end of October through beginning of January, and at most once a month during the slower time of the year. However, despite working in excess of 40 hours in a workweek, Named Plaintiff Davis was not paid at the statutorily required overtime rate for those hours.

84.     Defendants also failed to pay Named Plaintiffs and Class Members for all hours worked, including those in excess of forty (40) in a workweek.

85.     For example, Defendants would deduct thirty minutes from employees pay if they worked in excess of 6 hours in a shift and sixty minutes if they worked in excess of an 8 hour shift.

86.     Named Plaintiff Davis was first told about Defendants' policy to deduct meal breaks regardless of whether employees were able to take their break from the restaurant manager, Kristy Clancey.

87.     As set forth in more detail above, Named Plaintiffs Davis and Blaszak estimate they either missed or were interrupted on their meal break close to 100% of the time.

88.     Despite Defendants deducting the time from employees' pay, Named Plaintiffs and Class Members do in fact perform work during those breaks and are not paid for that time.   During this time, employees typically continue performing their regular duties.   For example, Named Plaintiffs continued to serve food, clear plates, set up tables, and break down tables. Similarly, the other Class Members typically continued to perform their duties

during their breaks.

89.    As a result Named Plaintiffs and Class Members performed work, including hours in excess of forty (40) per week, and did not receive the statutorily required compensation.

90.    Not only did Defendants see Named Plaintiffs and Class Members performing the work, Defendants also reviewed the time sheets where the hours worked Named Plaintiffs and Class Members indicated the hours they worked.

91.    Despite being aware of the work performed by Named Plaintiffs and Class Members, Defendants did not pay Named Plaintiffs and Class Members.

92.    Defendants willfully failed to pay wages, including statutory overtime for all hours worked including when Named Plaintiff Davis and Class Members worked over forty (40) hours in a workweek.

93.    Because Named Plaintiffs and Class Members performed work, including those hours in excess of 40 hours in a workweek, at the instruction of Defendants, and were not compensated for that work, they are entitled are entitled to compensation.

***Defendants' Failure to Include Mandatory Gratuity Charges in the Regular Rate Calculation Violates the FLSA***

94.    Defendants also improperly excluded the mandatory gratuity charges, which are considered wages under the FLSA, from the regular rate used to calculate the overtime rate of pay.

95.    As a result of this pay policy and practice, Named Plaintiff Davis and similarly situated employees were not compensated at the proper overtime rate for hours worked over forty (40) in a workweek in violation of the FLSA.

96.    Defendants' failure to pay overtime as required by the FLSA was willful.

97.     As a result of Defendants' unlawful pay policies and practices as described herein, Named Plaintiff Davis, and the Class Members suffered a loss of wages.

*Defendants' Failure to Compensate Employees' Spread of Hours Wages Violates NYLL*

98.     Under the NYLL, including N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6, an employee "shall receive one additional hour of pay at the basic minimum hourly rate" on each date the spread of hours in a workday exceeds 10. Spread of hours is defined as "the length of the interval between the beginning and end of an employee's workday."

99.     During the relevant time period, Class Members, including Named Plaintiffs, worked shifts that exceeded ten hours in length.

100.    Despite NYLL requiring that Defendants provide an additional hour of pay at the basic hourly rate when an employees' length of the interval between the beginning and end of a workday exceeds 10 hours, Defendants did not pay Plaintiffs these wages.

101.    Because Named Plaintiffs and Class Members' spread of hours was in excess of 10 in a workday during the relevant time period and they were not compensated for this additional hour, Named Plaintiffs and Class Members are entitled to an additional hour of pay at the basic minimum hourly rate.

*Defendants Violated the NYLL by Failing to Provide Required Written Notice of Wage Rates*

102.    Since the enactment of the Wage Theft Prevention Act ("WTPA") in April 2011 through 2014, pursuant to NYLL § 195, Defendants were required to provide Named Plaintiffs and Class Members with a yearly notice, at the time of hiring, and on or before February first of each subsequent year of employment, containing certain required information including the employee's rate of pay and the overtime rate of pay, if the employee is subject to overtime requirements.

103.   Effective February 27, 2015, the yearly notice requirement was eliminated but Defendants are still required to provide Named Plaintiffs and Class Members with a notice at the time of hiring.

104.   Pursuant to Defendants' policy, Named Plaintiffs and Class Members were not provided with proper wage notices at any point during their employment with Defendants.

105.   Therefore, Defendants failed to properly provide Named Plaintiffs and Class Members pay information as required by NYLL § 195.

## COLLECTIVE ACTION ALLEGATIONS

106.   Named Plaintiff Davis bring this action on behalf of herself and all other similarly situated employees as authorized under 29 U.S.C. § 216(b).  The employees similarly situated for purposes of the collective action:

> All of Defendants' current and former non-exempt hourly employees who in the last three years worked in excess of forty (40) hours in one or more workweeks during that time period, who elect to opt in to this action and who were suffered or permitted to work by Defendants and not paid statutory overtime and/or for whom all remuneration such as mandatory service charges were not included in the regular rate, for hours worked over 40 per week in violation of the FLSA.

107.   Defendants knowingly and willfully operated their business with a policy to not pay overtime for hours worked over 40 in a workweek to Named Plaintiff Davis and other similarly situated employees in violation of the FLSA.

108.   Defendants also knowingly and willfully operate their business with a policy of failing to include all remuneration, such as mandatory service charges, in the regular rate of pay used to calculate the overtime rate under the FLSA for Named Plaintiff Davis and other similarly situated employees.

109.   Similarly situated employees are known to Defendants and readily identifiable

by Defendants through Defendants' payroll records.

110.    Therefore, Named Plaintiff Davis should be permitted to bring this action as a collective action for and on behalf of those employees similarly situated pursuant to the opt-in provision of the FLSA, 29 U.S.C. § 216 (b).

111.    Annexed hereto as Exhibit A is the written consent to filing this complaint duly executed by Named Plaintiff Davis pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

112.    Named Plaintiffs bring the state law causes of action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). The Rule 23 class consists of the following four subclasses (together referred to as the "Class"):

(1)    Unpaid Gratuity Subclass: all persons who worked as hourly banquet service workers (including, as examples, banquet servers, captains and bartenders) at any of the Acqua locations who at any time six years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customer bills.

(2)    Unpaid Wages and Overtime Subclass: all persons who worked as hourly employees at any of the Acqua locations who at any time six years prior to the filing of this action through the entry of final judgment in this matter, were suffered or permitted to work by Defendants and not paid all statutory wages, including overtime, as required by the NYLL.

(3)    Spread of Hours Subclass: all persons who worked as hourly employees at any of the Acqua locations beginning January 1, 2011 through the entry of final judgment in this matter, whose length of time between the beginning and end of any given workday exceeded 10 hours in length, and were not provided an additional hour of wages at the basic minimum wage.

(4)    WTPA Subclass: all persons who worked as hourly employees at any of the Acqua locations who at any time beginning April 2011 through the entry of final judgment in this matter did not receive proper written notices as required under the WTPA.

113.    The class action is maintainable under subsections (1), (2), (3) and (4) of Rule

- 16 -

23(a).

114.   Numerosity is met because the Class size is believed to be over 40 members. Therefore, the Class is so numerous that joinder of all members is impracticable.   The identity of the Class Members is known to Defendants and is contained in the employment records they are required to maintain under the FLSA and NYLL.

115.   Common issues of law and fact exist as to all members of the Class.   The Named Plaintiffs and the Class are or were employed by Defendants, were subject to the same policies and practices of Defendants and suffered similar losses, injuries and types of damages as a result of Defendants' failure to comply with the NYLL.   The common issues of law and fact also include the following:

- Whether the automatic charge added to customers' bills for banquet events was a gratuity within the meaning of NYLL § 196-d;

- Whether Defendants illegally retained Plaintiffs' tips by retaining all of the charged gratuity;

- Whether Plaintiffs were suffered or permitted to work by Defendants and not paid all wages;

- Whether Defendants failed to provide spread of hours wages to Plaintiffs when the beginning and end times of a shift exceeded ten hours in length; and

- Whether Defendants failed to provide proper written notice to Plaintiffs as required under the WTPA.

116.   These common questions of law and fact also predominate over any questions affecting only individual members.

117.   The Named Plaintiffs' claims are typical of the claims of other members of the Class because Named Plaintiffs worked as a banquet service workers and did not receive the gratuity Defendants charged their customers just like all other members of the Class, did not

compensation for all work suffered or permitted to work, did not receive spread of hour wages, and did not receive proper written notice as required under the WTPA. Named Plaintiffs therefore sustained damages arising out of Defendants' conduct in violation of NYLL just like the other members of the Class.

118.  The Named Plaintiffs are able to fairly and adequately represent the interests of the Class and have no interest antagonistic to the Class.

119.  The Class Counsel, Thomas & Solomon LLP, is qualified and able to litigate the Named Plaintiffs' and Class Members' claims.

120.  The Class Counsel concentrates its practice in employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under wage and hour laws.

121.  This class action is also maintainable under subsection (2) of Rule 23(b) because the Named Plaintiffs and Class Members seek injunctive relief against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful policies and practices set forth herein.

122.  Moreover, the class action is maintainable under subsection (3) of Rule 23(b) because the Named Plaintiffs and Class Members seek to resolve common questions of law and fact (*see supra* ¶ 115) that predominate among the Named Plaintiffs and Class Members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

123.  The class action also maintainable under Rule 23(c)(4) because resolution of common issues will significantly advance the litigation or entitle Plaintiffs to injunctive relief.

## FIRST CAUSE OF ACTION
### *Illegal Retention of Gratuities under NYLL*

124.   Named Plaintiffs and Class Members re-allege the above paragraphs as if fully restated herein.

125.   The mandatory service charges constitute gratuities under NYLL.

126.   Under NYLL Article 6 § 196-d, an employer may not "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

127.   Defendants unlawfully withheld and retained gratuities that reasonable customers would believe would be distributed to Named Plaintiffs and members of the Class.

128.   As a direct and proximate cause of Defendants' acts, including Defendants' failure to act in good faith, Defendants willfully violated the NYLL and Named Plaintiffs and the Class have suffered damages pursuant to NYLL Article 6, § 196-d.

## SECOND CAUSE OF ACTION
### *Failure to Properly Calculate Overtime Rate of Pay under the FLSA, 29 U.S.C. § 201 et seq.*

129.   Named Plaintiff Davis and similarly situated employees re-allege and incorporate the allegations set forth above.

130.   Defendants failed to properly calculate the overtime rate of pay for Named Plaintiff Davis and Class Members at the statutorily required premium rates.

131.   Defendants willfully violated their obligations under the FLSA and are liable to the Named Plaintiff Davis and similarly situated Class Members.

## THIRD CAUSE OF ACTION
### *Unpaid Wages under the NYLL*

132.   Named Plaintiffs and similarly situated employees re-allege and incorporate the allegations set forth above.

133.   Defendants failed to pay Named Plaintiffs and Class Members for all hours worked, including at rates of at least one-and-one half times the regular rate of pay for each hour worked in excess of forty hours per week, in violations of NYLL § 191 *et seq.*, and accompanying regulations including 12 N.Y. COMP. CODES R. & REGS. § 142-2.2.

134.   As a direct and proximate cause of Defendants' acts, including Defendants' failure to act in good faith, Defendants willfully violated the NYLL and Named Plaintiffs and Class Members have suffered damages.

## FOURTH CAUSE OF ACTION
### *Unpaid Overtime under the FLSA, 29 U.S.C. § 201 et seq.*

135.   Named Plaintiff Davis and similarly situated employees re-allege and incorporate the allegations set forth above.

136.   Defendants failed to pay Named Plaintiff Davis and Class Members for all work performed in excess of 40 hours in a workweek at the statutorily required overtime rates.

137.   Defendants willfully violated their obligations under the FLSA and are liable to Named Plaintiff Davis and Class Members.

## FIFTH CAUSE OF ACTION
### *Spread of Hours Violation Under NYLL*

138.   Named Plaintiffs and Class Members re-allege the above paragraphs as if fully restated herein.

139.   In violation of NYLL, including 12 N.Y. COMP. CODES R. & REGS. §§ 137-1.7, 137-2.6, 142-2.4, and 146-1.6, Defendants failed to pay Plaintiffs spread of hours wages of an additional hour of pay at the minimum wage for each day Plaintiffs had a spread of hours in excess of ten hours.

140.    As a direct and proximate cause of Defendants' acts, including Defendants' failure to act in good faith, Defendants willfully violated the NYLL and Named Plaintiffs and Class Members have suffered damages.

**WHEREFORE**, Named Plaintiffs and Class Members demand judgment against Defendants in their favor and that they be given the following relief:

(a)    an order preliminarily and permanently restraining Defendants from engaging in the aforementioned pay violations;

(b)    an award of the value of Named Plaintiffs' and Class Members' unpaid wages and overtime;

(c)    liquidated damages under the FLSA equal to the sum of the amount of wages and overtime which were not properly paid to Plaintiffs;

(d)    under NYLL § 198, an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due;

(e)    an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating plaintiffs' and Class Members' rights;

(f)    an award of pre- and post-judgment interest;

(g)    the amount equal to the value that would make Named Plaintiffs and the Class Members whole for the violations; and

(h)    such other and further legal or equitable relief as this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury to hear and decide all issues of fact in accordance with Federal Rule of Civil Procedure 38(b).

Dated: May 11, 2015

THOMAS & SOLOMON LLP

By: _____

Patrick J. Solomon, Esq.
Michael J. Lingle, Esq.
Sarah E. Cressman, Esq.
Jessica L. Lukasiewicz, Esq.
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540
psolomon@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
scressman@theemploymentattorneys.com
jlukasiewicz@theemploymentattorneys.com