UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHELE DAVIS and VICTORIA BLASZAK, on behalf of themselves and all other employees similarly situated,

Plaintiffs,

v.

Civil Action No.: 15-cv-00429

RIVERFRONT ON THE NIAGARA, LLC, d/b/a ACQUA RESTAURANT AND CATERING, 2192 NIAGARA STREET, LLC, CLASSIC EVENTS AT THE LAFAYETTE, LLC, EVENTS AT THE FOUNDRY, LLC, MOLLY FORD KOESSLER, and WILLIAM KOESSLER,

Defendants.

---

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAGISTRATE'S REPORT, RECOMMENDATION AND ORDER DATED JULY 26, 2016

By: SCHRÖDER, JOSEPH & ASSOCIATES, LLP

Linda H. Joseph
Ginger D. Schröder
392 Pearl Street, Suite 301
Buffalo, NY 14202
Phone: (716) 881-4900
Fax: (716) 881-4909
Email: gschroder@sjalegal.com
Email: ljoseph@sjalegal.com

SHAFER AND ASSOCIATES, P.C.

Bradley J. Shafer
Matthew J. Hoffer
3800 Capitol City Blvd. St. 2
Lansing, MI 48906
Phone: (517) 886-6560
Facsimile: (517) 886-6565
E-mail: Brad@bradshaferlaw.com
E-mail: Matt@bradshaferlaw.com

*Attorneys for Defendants*

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAGISTRATE'S REPORT, RECOMMENDATION AND ORDER DATED JULY 26, 2016**

## INTRODUCTION

Pursuant to the Federal Rules of Civil Procedure, Rule 60 (b) (1) and (6) and Local Rule 7 (d) (3)), Defendants, Riverfront on the Niagara, LLC, d/b/a Acqua Restaurant and Catering, 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, Molly Ford Koessler and William Koessler (collectively hereinafter referred to as "Defendants") submit this memorandum of law in support of their motion for reconsideration of the July 26, 2016 Report, Recommendation, and Order ("July 26, 2016 Order" or the "Recommendation").

In deciding this motion for reconsideration, Defendants urge the Court to consider the accompanying affidavit of David Shindel, Certified Public Accountant, Master Analyst in Financial Forensics and Certified Valuation Analyst (the "Shindel Affidavit"), who has analyzed the Recommendation and explains in detail how, if not reconsidered, the Recommendation will require business owners to violate numerous provisions of federal and state income and withholding tax law as well as state sales tax law. Shindel Affidavit, paras. 10-32; 37-418 and Exhibits B to M and O and P. Additionally, Mr. Shindel points out that the Recommendation will result in business owners having insufficient information at the time of reporting to comply with unemployment reporting requirements. Shindel Affidavit, paras. 33-336 and Exhibit N. The very serious nature of these problems is underscored by Mr. Shindel's explanations that the resulting violations of the state and federal withholding and tax rules will subject business owners to both criminal and civil sanctions and would place tax

return preparers in violation of both federal and state preparer rules. Shindel Affidavit para. 27-29 and 42--46; Exhibits M, Q, R.. Further, Mr. Shindel expressly states that he "would be estopped from signing any tax return for this client if it followed the directives as set forth in the Report and Recommendation." Shindel Affidavit, para. 463.

## PRELIMINARY STATEMENT

As discussed below, it is respectfully urged that the Magistrate Judge reconsider his July 26, 2016 Order and dismiss the Plaintiffs' First Cause of Action ("*Illegal Retention of Gratuities under the NYLL*") on grounds that New York Labor Law § 196-d and 12 NYCRR 146.2.18 (hereinafter collectively referred to as the "Challenged Provisions") are preempted by the Internal Revenue Code because it is impossible to comply with **both** the Internal Code's 26 C.F.R. § 31.3306(b) and the Challenged Provisions. For example, while the July 26, 2016 Order states that the unemployment withholding tax can be paid by the employer regardless of the treatment of these amounts as tips under the Challenged Provisions, Mr. Shindel explains that withholding "*must be withheld from these fees themselves*" (emphasis in the original) and "the Employer simply does not have the right to withhold a portion of the fees under Section 196-D of the New York Labor Law if these fees are deemed to be tips for labor law purposes." Shindel Affidavit, paras. 28-29 and Exhibit M.

Additionally, the Challenged Provisions also are inconsistent with the New York Sales Tax Law, § 1105(d)(i) and 20 NYCRR § 527.8(l). Therefore—because the Challenged Provisions contradict these New York sales tax provisions—it is clear that the Report and Recommendation erred in failing to find preemption and that the form language described in 12 NYCRR 146-2.19 (c) does not save the Challenged Provisions from being preempted by federal law because the Challenged Provisions are themselves inconsistent with the New York

Sales Tax Law. Shindel Affdiavit, paras. 37-41 and Exhibits O and P. Likewise, the July 26, 2016 Order also renders reporting for unemployment insurance impossible because the employer will not have the information needed for federal unemployment reporting with the result of violations of law that tax preparers cannot "provide [their clients] with a resolution to comply with this situation." Shindel Affidavit, paras. 36, 33-36 and Exhibit N.

Moreover, the form language of 12 NYCRR 146-2.19 (c) cannot, in any event, save the Challenged Provisions from preemption because the language of Section 146-219 (c)--on on its face—simply provides for a notification to the consumer as whether the amount will go to the employee and contains no language allowing the employer to treat said amount as a gratuity rather than as wages for tax purposes.

In particular, in evaluating this motion for reconsideration with the foregoing issues in mind, we ask Magistrate Judge Foschio to reconsider his decision in light of the accompanying Shindel Affidavit inasmuch as this affidavit provides insights not previously available to the Court, and thereby better assists the Court with respect to the complex legal issues presented here under the Internal Revenue Code and the Challenged Provisions. As the Court will see from Mr. Shindel's CV, Exhibit A to his affidavit, he has specialized expertise in withholding and income tax laws, payroll accounting, withholding of payroll taxes, unemployment insurance reporting and the application of the Internal Revenue Code and its regulations to wages, gratuities and sales tax. Indeed, the Shindel Affidavit demonstrates that—if the Report and Recommendation is not reconsidered—employers and their accountants simply will not be able to comply with federal and state income and sales tax rules and regulations because—as a fundamental accounting matter—such amounts are

considered as gross receipts of a business for federal and state laws, and are not tips. Shindel Affidavit, paras. 28-32, and 42-46; Exhibits M, Q and R.

**RECONSIDERATION WILL CORRECT A CLEAR ERROR AND PREVENT MANIFEST INJUSTICE**

As the Shindel Affidavit demonstrates, the Court has mistakenly overlooked that New York Labor § 196-d directly conflicts with federal law by prohibiting any deduction of any part of the gratuities received by an employee when, in contrast, IRC regulation 26 C.F.R.§ 31.3306(b) expressly requires that any mandatory service charges distributed to employees be treated as wages and that the employer deduct all withholdings from those wages. Thus, as the Shindel Affidavit explains, it is simply impossible to comply with both the Challenged Provisions and the Internal Revenue Code. Shindel Affidavit, paras. 10-32 and Exhibits B to M.

The Court's error in failing to dismiss the First Cause of Action on grounds of preemption is not surprising given that the Court did not have the benefit of the insights of Defendants' expert—an accountant with specific expertise as to the tax treatment of wages and gratuities (tips) under federal law—and therefore overlooked the impossibility for accountants and their corporate clients to comply with the tax laws and regulations. Hence, the direct contradiction as to the definition of "wages" under the federal Internal Revenue Code ( IRC regulation 26 C.F.R.§ 31.3306(b)) and the definition of "gratuities" under N.Y. Labor Law § 196-d (12 NYCRR 146.2.18) necessarily results in preemption because—as Defendants' expert accountant has explained—it simply is not possible to comply with both sets of definitions. Shindel Affidavit, paras. 16-32; Exhibits B to M. Accordingly, in such cases, the federal law must take precedence over state law under the preemption doctrines

which are recognized by the Court in the July 26, 2016 Order and not in dispute by the parties.

Moreover, these inconsistencies and contradictions between federal tax law and the Challenged Provisions cannot be facilely overcome simply by using the form language described in 12 NYCCR 146-2.19 (c), as the Report and Recommendation erroneously concludes. This because Section 146-2.19 (c) **only** provides instructions as to what is an "adequate notification" for informing a customer whether the amount paid is going to the employee or not, but contains **no language** that allows the employer to treat the amount as a gratuity rather that as wages for purposes of the tax laws. Thus, Section 146-2.19 (c) expressly states that it is describing the "adequate notification" to be included in the customer's "statement in the contract or agreement" and to be included in "any menu and bill listing prices." It does not, however, contain any language that absolves the employer from its legal obligations under federal and state income tax and sales tax laws. Accordingly, contrary to the conclusion reached in the Report and Recommendation, Section 146-2.19 (c) does not absolve the employer of its obligations to comply with federal and state income and sales tax law and, therefore, cannot save the Challenged Provisions from preemption.

Additionally, aside from the fact that the language of 12 NYCRR 146-2.19 (c) does not address the question of whether amounts given to employees are wages or gratuities and only addresses the notification/disclosure to be provided to customers, there is an additional reason that 12 NYCRR 146-2.19 (c) could not provide a "safe harbor" even if it did contain the necessary language. Specifically, the pertinent provisions of the New York State Labor Law at issue here, including Section 146-2.19 (c), are themselves inconsistent with the New York State Sales Tax law. Indeed, New York State—as a sole sovereign—has taken

inconsistent positions as to state sales tax law and state labor law. Specifically, as explained in the Shindel Affidavit, the New York Sales Tax Law and regulations are inconsistent with and contradict the Challenged Provisions. Shindel Affidavit, paras. 37-41 and Exhibits O and P. Thus, the pertinent regulation under the New York Tax Law provides:

> Any charge, made to a customer, is taxable as a receipt from the sale of food or drink, unless: (1) the charge is separately stated on the bill or invoice given to the customer; (2) the charge is specifically designated as a gratuity; and (3) all such monies received are paid over in total to employees.

20 NYCRR § 527.8(l).

Additionally, regarding "caterers," this regulation also states: "*[a]ll charges* by caterers selling food or drink who provide serving or assistance in serving, cooking, heating or other services after delivery are taxable." 20 NYCRR § 527.8(f)(1)(i). This regulation is in accordance with New York Tax Law § 1105(d)(i), which mandates that "[t]he receipts" from any beverage or food sale "by caterers, including the amount of such receipts any cover, minimum, entertainer, or *other charge* made to patrons or customers." (Emphasis added). *See also La Cascade, Inc. v. State Tax Comm'n*, 91 A.D.2d 784, 785 (N.Y. App. 3d Dept. 1982) (charge by hotel not separately stated as gratuity held to be a taxable sale). Plainly, a "service charge" falls within the scope of "other charge."

In summary, as shown by the foregoing, the Report and Recommendation errs by not finding preemption as to the Challenged Provisions. Moreover, as shown above, the Report and Recommendation also errs in attempting to circumvent the necessary outcome of the foregoing preemption analysis by its reliance on Section 146-2.19 (c) which only describes how to adequately inform a customer of whether or not the amount paid will be treated as wages or a gratuity but does not provide a "safe harbor" as to the tax laws. Of course, since Section 146-2.19 (c ) was promulgated by the New York State Department of Labor—and not

by the New York State taxation authorities or the Internal Revenue Service, there was no authority on the part of the regulators adopting Section 149-2.19 (c) to create any such safe harbor.

When the standards for granting reconsideration are applied to the foregoing circumstances, it becomes readily apparent that the Court should grant reconsideration in this instance. As Magistrate Judge Foschio explained in another decision in which he granted reconsideration as to his Report and Recommendation in *Accurso v. Majestic Pools, Inc.*, 2008 WL 2080744 *1 (W.D.N.Y. 2008), for a party to prevail on a motion for reconsideration, the party must present "matters or controlling decisions the court overlooked that might materially have influenced its earlier decision" or "the party 'must demonstrate the 'need to correct a clear error or prevent manifest injustice.' *Accord, Griffin Industries, Inc. v Petrojam, Ltd.,* 72 F. Supp. 2d 365, 368 (S.D. N.Y. 1999). Other courts have agreed with the need to grant reconsideration where it serves the interests of justice and corrects an error or prevents injustice. *See, e.g., Yniques v. Cabral,* 985 F.2d 1031, 1034 (9th Cir. 1993) (reversing district court's refusal to reconsider and noting that reconsideration is warranted where there is a mistake of law and, citing the Advisory Notes at 160, for the proposition that Federal Rule 60 (b) "does not assume to define substantive law as to the grounds" for granting relief but Rule 60 is to be "interpreted liberally."); *Deprins v. Clark,* 566 Fed. Appx. 608, 2014 U.S. App. LEXIS 6048 (9th Cir. 2014) (finding that a district court's erroneous reading of the law is a "mistake" within the meaning of Rule 60 (1) and "Rule 60 (b) is to be given liberal construction."). *See also SEC v. Seaboard Corp. et al.,* 666 F.2d 414, 417 (9th Cir. 1991 ("Rule 60 (b) is to be given liberal construction").

As the Court readily will see with the assistance of his Affidavit, Mr. Shindel has clearly demonstrated the insurmountable problems that the July 26, 2016 Order presents for accountants and their clients who must comply with federal and state income tax and sales tax in reporting their income and in paying payroll taxes and income taxes. Indeed, as Mr. Shindel explains, if the Report and Recommendation remains in effect and is not vacated, it will be impossible to comply with federal and state income tax, payroll tax and sales tax obligations because it simply is not possible to comply with both the Challenged Provisions and these tax laws. Shindel Affid. paras 28-32; 42-46 and Exhibits M, Q and R.

**CONCLUSION**

Applying the foregoing precedents here, and particularly in light of the insights provided by the Shindel Affidavit, it becomes readily apparent that the demonstrated impossibility of complying with both the Challenged Provisions and the Internal Revenue Code's regulations necessitates that the Court reconsider the effect that its decision will have upon the ability to comply with federal law, as well as New York State tax laws and unemployment insurance reporting requirements. Accordingly, it is respectfully submitted that reconsideration is necessary to correct a clear error and to prevent manifest injustice Therefore, it is respectfully requested that the Court reconsider its July 26, 2016 Order and dismiss the Plaintiffs' First Cause of Action on grounds that the Challenged Provisions are preempted by federal law and grant such other relief as the Court deems appropriate.

DATED: August 8, 2016

Respectfully submitted,

**SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

s/ Linda H. Joseph

---

Linda H. Joseph, Esq.
Ginger D. Schröder, Esq.

392 Pearl Street, Suite 301
Buffalo, NY 14202
Telephone: (716) 881-4900
Facsimile: (716) 881-4909
E-mail: gschroder@sjalegal.com
E-mail: ljoseph@sjalegal.com

**SHAFER AND ASSOCIATES, P.C.**
Bradley J. Shafer
Matthew J. Hoffer
3800 Capitol City Blvd. St. 2
Lansing, MI 48906
Phone: (517) 886-6560
Facsimile: (517) 886-6565
E-mail: Brad@bradshaferlaw.com
E-mail: Matt@bradshaferlaw.com

*Attorneys for Defendants*