**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MICHELE DAVIS and VICTORIA BLASZAK, on behalf of themselves and all other employees similarly situated,**

**Plaintiffs,**

**v.** **Civil Action No.: 15-cv-00429**

**RIVERFRONT ON THE NIAGARA, LLC, d/b/a ACQUA RESTAURANT AND CATERING, 2192 NIAGARA STREET, LLC, CLASSIC EVENTS AT THE LAFAYETTE, LLC, EVENTS AT THE FOUNDRY, LLC, MOLLY FORD KOESSLER, and WILLIAM KOESSLER,**

**Defendants.**

---

# DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S JULY 26, 2016 REPORT AND RECOMMENDATION

**By: SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

**Linda H. Joseph**
**Ginger D. Schröder**
**392 Pearl Street, Suite 301**
**Buffalo, NY 14202**
**Phone: (716) 881-4900**
**Fax: (716) 881-4909**
**Email: gschroder@sjalegal.com**
**Email: ljoseph@sjalegal.com**

**SHAFER AND ASSOCIATES, P.C.**

**Bradley J. Shafer**
**Matthew J. Hoffer**
**3800 Capitol City Blvd. St. 2**
**Lansing, MI 48906**
**Phone: (517) 886-6560**
**Facsimile: (517) 886-6565**
**E-mail: Brad@bradshaferlaw.com**
**E-mail: Matt@bradshaferlaw.com**

***Attorneys for Defendants***

**DEFENDANTS' OBJECTIONS TO THE MAGISTRATE'S JULY 26, 2016 REPORT AND RECOMMENDATION**

Pursuant to Federal Rule of Civil Procedure 72 and Local Rule 72.3(a) (3), Defendants, Riverfront on the Niagara, LLC, d/b/a Acqua Restaurant and Catering, 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, Molly Ford Koessler and William Koessler (collectively hereinafter referred to as "Defendants") submit their objections to Magistrate Judge Leslie Foschio's July 26, 2016 Report and Recommendation (the "Recommendation"). The Recommendation erred in failing to dismiss the Plaintiffs' First Cause of Action ("*Illegal Retention of Gratuities under the NYLL*") inasmuch as New York Labor Law ("NYLL") § 196-d and 12 NYCRR 146.2.18, the regulation promulgated thereunder, (hereinafter collectively referred to as the "Challenged Provisions"), are preempted by the Internal Revenue Code because it is impossible to comply with both the Internal Revenue Code, including 26 C.F.R. § 31.3306 (b), and New York Labor Law § 196. The Challenged Provisions also are inconsistent with New York State Sales Tax Law as well as being preempted by Federal Labor Law, the Fair Labor Standards Act (the "FLSA").

**PRELIMINARY STATEMENT**

As discussed below, it is respectfully urged that the Magistrate Judge erred as a matter of law in the determinations made in his July 26, 2016 Order. Indeed, if the Recommendation's finding that New York Labor Law § 196-d and 12 NYCRR 146.2.18 (hereinafter collectively referred to as the "Challenged Provisions") are not preempted by the Internal Revenue Code, it will be impossible for entities engaged in the restaurant, catering and entertainment business to comply with **both** the Internal Code's 26 C.F.R. § 31.3306(b)

and the Challenged Provisions. Additionally, because the Challenged Provisions also are inconsistent with the New York Sales Tax Law, § 1105(d)(i) and 20 NYCRR § 527.8(l), the Recommendation makes it impossible for entities engaged in the restaurant, catering and entertainment business to comply with both the Challenged Provisions and the New York State Sales Tax Law. Likewise, as discussed below, Defendants object to the Recommendation on grounds that the Magistrate erred in finding that the Challenged Provisions are not preempted by the FLSA.

The Recommendation itself creates such a serious situation that Defendants have made a motion to the Magistrate Judge asking him to reconsider his decision. To better assist the Magistrate Judge with respect to the complex legal issues presented by the Internal Revenue Code and the Challenged Provisions, Defendants have submitted to Magistrate Judge Foschio—in support of their motion for reconsideration—an affidavit from an accountant with specialized expertise in federal tax law, payroll accounting, withholding and reporting of payroll taxes and the application of the Internal Revenue Code and its regulations to wages, gratuities and sales tax, among other such related topics. This affidavit demonstrates why—if the Recommendation is not reconsidered by the Magistrate Judge—employers and their accountants simply will not be able to comply with federal and state income and sales tax rules and regulations and accountants will not be able to sign the returns. Of course, Defendants recognize and understand that the Court cannot consider this affidavit in deciding the instant Objections to the Magistrate's July 26, 2016 Report and Recommendation.

Despite the pendency of Defendants' motion for reconsideration before the Magistrate Judge, Defendants are submitting their Objections to the District Court Judge at this time since the deadline for filing the Objections is August 9, 2016. As shown below, regardless of

the outcome of the motion for reconsideration pending before Magistrate Judge Foschio, the Court should find—contrary to the Magistrate Judge's Recommendation—that the Challenged Provisions are, in fact, preempted by federal law. Accordingly, the Plaintiffs' First Cause of Action should be dismissed with prejudice.

## THE RECOMMENDATION IS BASED ON SERIOUS ERRORS WHICH WILL HAVE WIDESPREAD AND DESTRUCTIVE RAMIFICATIONS FOR CATERERS, RESTAURANT OWNERS AND OTHERS IN THE ENTERTAINMENT AND EVENT INDUSTRY

The rulings made in the Recommendation mistakenly overlook that New York Labor § 196-d directly conflicts with federal law by prohibiting any deduction of any part of the gratuities received by an employee when, in contrast, IRC regulation 26 C.F.R.§ 31.3306(b) expressly requires that any mandatory service charges distributed to employees be treated as wages and that the employer deduct all withholdings from those wages. As demonstrated in Defendants' Opening Memorandum of Law and Defendants' Reply Memorandum submitted in support of their motion to dismiss the First Cause of Action, the basic point missed in the Recommendation—resulting in a fatally-flawed decision—is that service charges such as those at issue here are NOT considered under federal tax law as tips. Accordingly, it is simply impossible to comply with both the Challenged Provisions—which require that these services charges be treated as tips—and the Internal Revenue Code and its regulations that take the opposite position.

Defendants provided an example in their Reply Memorandum submitted to the Magistrate Judge below—based on Defendants' actual invoices attached to the Answer to the Amended Complaint—which illustrated graphically the impossibility of complying with both the Challenged Provisions and the requirements under federal law with respect to wage deductions in those instances where the gratuity service/tip fee results in deductions being due

that EXCEED the wages earned. Reply Memorandum, Dkt. No. 45 at 8-9. The Recommendation makes no reference whatsoever to this example and provides no explanation as to why this example does not demonstrate the impossibility of complying with both the Challenged Provisions and federal tax law. *Compare* the Recommendation (Dkt 50 at 17 to 19) with Defendants' Reply Memorandum of Law (Dkt 45 at 8-9). While ignored by the Recommendation, this illustration shows, by way of example, why the Recommendation is incorrect in concluding that the inconsistencies between the Challenged Provisions and federal tax law can be overcome as simply as the Recommendation seems to suggest.

Of course, the illustration provided in Defendants' Reply Memorandum also demonstrates clearly the reason why the law of preemption requires that state law be preempted when it renders compliance with federal law impossible. The Magistrate Judge correctly noted in the Recommendation that the "Supreme Court recognizes preemption where it is impossible for a private party to comply with both federal and state laws ('impossibility preemption'), as well as when the relevant state law is an obstacle to the accomplishment and execution of the relevant federal law in accordance with Congress's purposes and objectives ('obstacle preemption')." Recommendation, Dkt. 50 at 15. (Citations omitted).

Notwithstanding the Magistrate Judge's correct recognition of the law on preemption, the Recommendation fails to find preemption in the face of the inconsistencies in between the Challenged Provisions and federal tax law as well as the inability to comply with both. Ironically, the Recommendation implicitly recognizes these inherent inconsistencies and contradictions between federal tax law and the Challenged Provisions when it attempts to overcome these inconsistencies by relying on 12 NYCCR 146-2.19 (c). Specifically, for

example, the Recommendation concedes that Defendants pointed out that "the mandatory charges may be subjected to double taxation if treated under the Code as gross receipts on which Defendants are required to pay taxes, and also treated under Section 196-d as gratuities payable to Plaintiffs for which income tax is due..." Recommendation, Dkt. 50 at 19. Stunningly, however, the Recommendation then goes on to state: "Defendants can avoid this result through strict compliance with Reg. 146-2.19, *i.e.*, by disclosing to their banquet customers that the mandatory charge is not a generic service charge, i.e., a 'mandatory ' gratuity, and is not shared with the staff employees." Report and Recommendation, Dkt. 50 at 19. Of course, this facile dismissal of the problem ignores completely the simple fact that compliance with Section 146-2.19 (c) does not relieve the Defendants of their obligations under federal and state income tax and sales tax laws.

Indeed, an examination of the language of Section 146-2.19 (c) demonstrates that this regulation promulgated by the New York State Department of Labor **only** provides instructions as to what is an "adequate notification" for informing a customer whether the amount paid is going to the employee or not, but contains **no language** that allows the employer to treat the amount as a gratuity rather that as wages for purposes of the tax laws. Thus, Section 146-2.19 (c) expressly states that it is describing the "adequate notification" to be included in the customer's "statement in the contract or agreement" and to be included in "any menu and bill listing prices." It does not, however, contain any language that absolves the employer from its legal obligations under federal and state income tax and sales tax laws. Accordingly, contrary to the conclusion reached in the Report and Recommendation, Section 146-2.19 (c) does not absolve the employer of its obligations to comply with federal and state

income and sales tax law and, therefore, cannot save the Challenged Provisions from preemption.

Additionally, aside from the fact that the language of 12 NYCRR 146-2.19 (c) does not address the question of whether amounts given to employees are wages or gratuities and only addresses the notification/disclosure to be provided to customers, there is an additional reason that 12 NYCRR 146-2.19 (c) could not provide a "safe harbor" even if it did contain the necessary language. Specifically, the pertinent provisions of the New York State Labor Law at issue here, including Section 146-2.19 (c), are themselves inconsistent with the New York State Sales Tax law. Indeed, New York State—as a sole sovereign—has taken inconsistent positions as to state sales tax law and state labor law. *Compare* New York Labor Law Section 196-d and 12 NYCRR 146-2.18 to New York Tax Law Regulation 2j0 NYCRR 527.8 (1). While Plaintiffs claim—based on the language of the Challenged Provisions—that the customers' payments constitute gratuities, it is indisputable that the New York Tax Law requires the employer to pay sales tax on these amounts as shown by the following quotation from the New York Tax Department's regulations:

> Any charge, made to a customer, is taxable as a receipt from the sale of food or drink, unless: (1) the charge is separately stated on the bill or invoice given to the customer; (2) the charge is specifically designated as a gratuity; and (3) all such monies received are paid over in total to employees.

20 NYCRR § 527.8(l).

Additionally, regarding "caterers," this regulation also states: "*[a]ll charges* by caterers selling food or drink who provide serving or assistance in serving, cooking, heating or other services after delivery are taxable." 20 NYCRR § 527.8(f)(1)(i). This regulation is in accordance with New York Tax Law § 1105(d)(i), which mandates that "[t]he receipts" from any beverage or food sale "by caterers, including the amount of such receipts any cover,

minimum, entertainer, or *other charge* made to patrons or customers." (Emphasis added). *See also La Cascade, Inc. v. State Tax Comm'n*, 91 A.D.2d 784, 785 (N.Y. App. 3d Dept. 1982) (charge by hotel not separately stated as gratuity held to be a taxable sale). Plainly, a "service charge" falls within the scope of "other charge."

As shown by the foregoing, there can be no dispute that New York Department of Labor's regulations are directly contradicted by the New York Department of Taxation's regulations as to the treatment of these sums as gratuities versus income subject to sales tax. Of course, it also is obvious that the regulations of the New York Department of Labor do not have the power or authority to override the regulations of the New York State Department of Taxation, much less the authority of the Internal Revenue Service.

In summary, as shown by the foregoing, the Recommendation errs by not finding preemption as to the Challenged Provisions. Moreover, as shown above, the Report and Recommendation also errs in attempting to circumvent the necessary outcome of the foregoing preemption analysis by its reliance on Section 146-2.19 (c) which only describes how to adequately inform a customer of whether or not the amount paid will be treated as wages or a gratuity but does not provide a "safe harbor" as to the tax laws. Therefore, the Court need not reach beyond this issue to reject the Recommendation and dismiss the Plaintiff's First Cause of Action.

Nonetheless, the Recommendation also errs as to finding that the FLSA does not preempt the Challenged Provisions. As Defendants showed in their Opening Memorandum, forcing the distribution to Plaintiffs of the mandatory charges upsets the FLSA overtime provisions in a dangerous and punitive manner. Opening Memorandum, Dkt. __ at 20-21. Thus, under the FLSA, an employer is required to pay its employees overtime pay at the rate

of one and one-half times each employee's regular hourly rate defined as including "all remuneration for employment." 29 U.S.C. Section 207; 29 C.F.R Section 531.60 ("Any tips received by the employee in excess of the tip credit need not be included in the regular rate" when calculating overtime pay because "such tips are not payments made by the employer to the employee as remuneration for employment within the meaning of the act"). *Id.*

While the Recommendation acknowledges the dilemma created by Challenged Provisions, the rational for rejecting the problem provided by the Recommendation is that in this particular instance the $11.00 per hour rate paid by Defendants exceeds the minimum wage under federal and New York law. Recommendation, Dkt. 50 at 21-22. Of course, this rationale is a red herring since it is common knowledge that in this industry the generous hourly rate paid by Defendants is rare and, in no respect, overcomes the basic point of the Challenged Provisions—to use the words of the Recommendation on the standard for preemption—"compel an outcome that is diametrically opposed to governing federal law." Recommendation, Dkt. 50 at 16. Moreover, the Recommendation again implicitly recognizes its own error by reverting again to reliance on the "safe harbor" of Labor Law Regulation 146-2.19 (c). Specifically, the Recommendation states that "compliance with both the FLSA's wage provisions and Section 196-d is possible" by making the disclosure provided for in the Department of Labor's regulation, Section 146-2.19. Recommendation, Dkt. 50 at 22. The fallacy in this reasoning is explained above.

## III. CONCLUSION

As shown above, the Recommendation should be reject based on two separate and independent grounds: (1) its failure to recognize that the Challenged Provisions are preempted by the Internal Revenue Code and its regulations; and (2) its failure to recognize that the

Challenged Provisions are preempted by the FLSA and its regulations. Accordingly, it is respectfully requested that the Court not adopt the Recommendations, and instead, dismiss the Plaintiffs' First Cause of Action with prejudice.

DATED: August 9, 2016

Respectfully submitted,

**SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

s/ Linda H. Joseph

Linda H. Joseph, Esq.
Ginger D. Schröder, Esq.3
92 Pearl Street, Suite 301
Buffalo, NY 14202
Telephone: (716) 881-4900
Facsimile: (716) 881-4909
E-mail: gschroder@sjalegal.com
E-mail: ljoseph@sjalegal.com

**SHAFER AND ASSOCIATES, P.C.**

Bradley J. Shafer
Matthew J. Hoffer
3800 Capitol City Blvd. St. 2
Lansing, MI 48906
Phone: (517) 886-6560
Facsimile: (517) 886-6565
E-mail: Brad@bradshaferlaw.com
E-mail: Matt@bradshaferlaw.com

*Attorneys for Defendants*