UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELE DAVIS, and VICTORIA BLASZAK, on behalf
 of themselves and all others employees similarly situated,

                                    Plaintiffs,
                    v.

2192 NIAGARA STREET, LLC, CLASSIC EVENTS AT
THE LAFAYETTE, LLC, EVENTS AT THE FOUNDRY, LLC,
MOLLY FORD KOESSLER, WILLIAM KOESSLER, and
RIVERFRONT ON THE NIAGARA, LLC, doing business as
Acqua,

                                  Defendants.
_____

                                  DECISION
                                    and
                                  ORDER

                              15-CV-00429A(F)

APPEARANCES:        THOMAS & SOLOMON LLP
                                 Attorneys for Plaintiffs
                                 JESSICA LYNNE LUKASIEWICZ,
                                 MICHAEL J. LINGLE,
                                 PATRICK J. SOLOMON, and
                                 SARAH E. CRESSMAN, of Counsel
                                 693 East Avenue
                                 Rochester, New York  14607

                                 SCHRÖDER, JOSEPH & ASSOCIATES, LLP
                                 Attorneys for Defendants
                                 GINGER D. SCHRÖDER, and
                                 LINDA H. JOSEPH, of Counsel
                                 392 Pearl Street
                                 Suite 301
                                 Buffalo, New York  14202

                                 SHAFER and ASSOCIATES, P.C.
                                 Attorneys for Defendants
                                 BRADLEY J. SHAFER, and
                                 MATTHEW J. HOFFER, of Counsel
                                 3800 Capitol City Boulevard
                                 Suite 2
                                 Lansing, Michigan  48906

**JURISDICTION**

On December 30, 2015, Honorable Richard J. Arcara referred this case to the undersigned for all pretrial matters. The matter is presently before the court on Defendants' motion filed August 8, 2016 (Dkt. 51), for the undersigned to reconsider the Report and Recommendation filed July 26, 2016 (Dkt.50).

**BACKGROUND**

Plaintiffs Michele Davis and Victoria Blaszak (together, "Plaintiffs"), brought this action against Defendants 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, Molly Ford Koessler, William Koessler, and Riverfront on the Niagara, LLC, doing business as Acqua (together, "Defendants"), alleging violations of Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York Labor Law §§ 191 *et seq.* ("NYLL"). On July 26, 2016, the undersigned entered a Report and Recommendation (Dkt. 50) ("R&R"), recommending Defendants' motion to dismiss Plaintiffs' first claim for relief ("First Claim") for failing to state a claim (Dkt. 33) ("Motion to Dismiss") be denied. In the First Claim, Plaintiffs specifically allege that while working for Defendants as hourly workers – banquet servers – at Acqua Restaurants & Banquets, Marquis de Lafayette by Acqua Catering & Banquets, and Foundry Hotel & Banquet (together, "the Restaurants"), Defendants failed to properly disclose to their banquet customers that certain mandatory charges ("mandatory charges"), were not gratuities and would not be shared with the banquet servers such that Defendants were required, under New York Labor Law § 196-d ("§ 196-d"), and 12 NYCRR 146.2-18 ("Reg. 146.2-18") ("the Challenged Provisions"), to

treat the mandatory charges as gratuities and distribute them to the hourly workers, including Plaintiffs.  Defendants had argued in support of dismissal that the Challenged Provisions are preempted by the Internal Revenue Code ("IRC"), because it is impossible to comply with both 26 C.F.R. § 31.3306(b) ("§ 31.3306(b)")  and the Challenged Provisions.

Presently before the court is Defendants' motion for reconsideration (Dkt. 51) ("Reconsideration Motion"), filed August 8, 2016, requesting the court reconsider the recommendation that the Motion to Dismiss be denied.  The Reconsideration Motion is supported by the attached Defendants' Memorandum of Law in Support of Motion for Reconsideration of the Magistrate's [sic] Report, Recommendation and Order dated July 26, 2016 (Dkt. 51-1) ("Defendants' Memorandum"), and the Affidavit of David Shindel (Dkt. 51-2) ("Shindel Affidavit"), attaching exhibits A through R (Dkts. 51-3 through 51-21) ("Shindel Affidavit Exh(s). __").  Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Reconsideration (Dkt. 57) ("Plaintiffs' Response"), was filed September 22, 2016; Defendants' Reply Memorandum of Law in Further Support of Motion for Reconsideration (Dkt. 58) ("Defendants' Reply"), was filed October 7, 2016.  Oral argument was deemed unnecessary.

For the following reasons, Defendants' Reconsideration Motion is DENIED.

## **DISCUSSION**

"The Federal Rules of Civil Procedure do not recognize a motion for 'reconsideration.'"  *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 28 (W.D.N.Y. 2014) (citing cases).  As such, a motion for reconsideration "may be construed as a

motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Id.* Here, because Defendants are requesting reconsideration of the R&R (Dkt. 50), rather than to alter or amend a judgment, Defendants' motion is construed as seeking reconsideration under Rule 60(b) which provides for relief "from a final judgment, order, or proceeding. . . ."

"The standard for granting a [reconsideration motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "'The decision whether to grant a party's Rule 69(b) motion is committed to the sound discretion of the district court . . . .'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks and citation omitted). "A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Mikulec*, 302 F.R.D. at 28, because a motion for reconsideration is not a vehicle for "taking a 'second bit at the apple.'" *Rafter v. Liddle*, 288 Fed.Appx. 768, 769 (2d Cir. Aug. 13, 2008) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citing cases)). Nor will the court consider facts not in the record to be facts "overlooked" by the court. *Rafter*, 288 Fed.Appx. at 769.

In the instant case, Defendants urge the court to reconsider the R&R to correct an alleged clear error and prevent manifest injustice.  Defendants' Memorandum at 5-9.  In support of the Reconsideration Motion, Defendants request the court to consider the accompanying Shindel Affidavit, prepared by a Certified Public Accountant licensed in Michigan.  *Id.* at 2-4.  Plaintiffs argue in opposition Defendants have failed to meet the strict standard for reconsideration, Plaintiffs' Response at 2, the Reconsideration Motion is improperly based on newly submitted but previously available evidence that is outside the pleadings, *id*. at 3-5, and Defendants are merely rearguing issues already determined in the R&R.  *Id.* at 5-7.  In further support of reconsideration, Defendants maintain the Shindel Affidavit is not new evidence "but instead is submitted to elucidate the error of law and thereby demonstrate for the Court the very serious and, indeed, dramatic injustice resulting from the error of law made by the legal ruling in the Court's Report and Recommendation."  Defendants' Reply at 2-3.  Defendants further reiterate that reconsideration is required "to correct or prevent manifest injustice."  *Id.* at 3-6.

Preliminarily, the court addresses the Shindel Affidavit accompanying Defendants' Reconsideration Motion.  On a motion for reconsideration, the court may not consider facts not previously in the record.  *Rafter*, 288 Fed.Appx. 769.  Although Defendants maintain the Shindel Affidavit, which Defendants refer to as providing the court with "the insights of Defendants' expert – an accountant with specific expertise as to the tax treatment of wages and gratuities (tips) under federal law," Defendants' Reply at 5, does not present new facts but, rather, has been submitted only because it "provides insights not previously available to the Court, and thereby better assists the Court with respect to the complex legal issues presented here under the Internal

5

Revenue Code and the Challenged Provisions," *id.* at 4, a plain review of the Shindel Affidavit establishes Mr. Shindel is merely providing his opinion as to the correctness of the R&R, a determination which is solely a matter for the District Judge.[1]  Because Defendants' original motion sought to dismiss the First Claim for failure to state a claim, in arriving at the R&R's recommendation, the undersigned would not have been permitted to consider the Shindel Affidavit without first converting the motion to one for summary judgment, see Fed.R.Civ.P. 12(d) (providing that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."), which was not done here.  Consideration of the Shindel Affidavit on the Reconsideration Motion thus would run afoul not only of Rule 60, but also Rule 12.

Furthermore, "'[w]hen a party improperly submits an affidavit on a motion for reconsideration, the appropriate remedy is to strike the affidavit and disregard it.'" *Fidelity Information Services, Inc. v. Debtdomain GLMS PTE Ltd.*, 2010 WL 3469910, at * 1 (S.D.N.Y. Aug. 24, 2010) ((quoting *Ralph Oldsmobile, Inc. v. General Motors Corp.*, 2001 WL 55729, at *2 (S.D.N.Y. Jan. 23, 2001)).  *See also Whelehan v. Bank of America Pension Plan for Legacy Companies – Fleet – Traditional Benefit*, 2014 WL 4285028, at * 2 (W.D.N.Y. Aug. 29, 2014) (declining to consider plaintiff's affidavits

---

[1] A cursory review of the Shindel Affidavit establishes Shindel reacts to each of the undersigned's findings in the R&R, including, *inter alia*, that in the event that the amount of taxes required under federal law to be withheld from an employee's wages surpasses the wages, net of tips, available for the employer's withholding of such taxes, 26 U.S.C. § 3102(c)(2) provides that the employee remains responsible for paying all taxes due in excess of the employee's net wages, R&R at 18-19, a situation which Shindel avers "occurs regularly."  Shindel Affidavit ¶ 25.

submitted in support of motion for reconsideration of court's decision granting summary judgment in favor of defendants where none of the averments contained within said affidavits were unknown to the plaintiff when the defendants' summary judgment motion was filed).  Accordingly, nor only will the court disregard the Shindel Affidavit, but the Shindel Affidavit also is STRICKEN from the record.  The court thus turns its attention to Defendants' request for reconsideration of the R&R, albeit without reference to Shindel's averments.

Inasmuch as Defendants seek reconsideration "'[w]ith respect to the third of these criteria [prevention of manifest injustice],[2] to justify review of a decision, the Court 'must have a clear conviction of error on a point of law that is certain to recur.'" *Mikulec*, 302 F.R.D. at 28 (quoting *Turner v. Village of Lakewood*, 2013 WL 5437370, at ** 3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *U.S. v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989))).  "'[M]ere doubt will not' suffice."  *Adegbite*, 877 F.2d at 178 (quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.), *cert. denied*, 377 U.S. 934 (1964)).  Here, Defendants have failed to point to any such "clear conviction of error on a point of law"; rather, Defendants' arguments in support of the Reconsideration Motion essentially are identical to their original arguments, but repackaged in the Shindel Affidavit which, as discussed above, not only may not be considered here, but has been stricken from the record.

It is significant that Defendants do not refute the determination, R&R at 12, that Defendants' disclosure of the mandatory charges does not comply with Reg. 146-2.19's "adequate notification" requirement so as to rebut Reg. 146-2.18(b)'s presumption "that any charge in addition to charges for food, beverage, lodging, and other specified

---

[2] Unless otherwise indicated, all bracketed material has been added.

materials or services, including but not limited to any charge for 'service' or 'food service' is a charge purported to be a gratuity." Defendants' assertion, Defendants' Memorandum at 6, that because Reg. 146-2.19's language details only the disclosure language to inform banquet customers that the mandatory charge is not a service charge which an employer may be required to share with hourly employees, but does not contain any language allowing the employer to treat the mandatory charge as a gratuity rather than as wages for purposes of applicable tax laws, compliance with Reg. 146-2.19 will not necessarily allow Defendants to avoid having to treat the mandatory charges as gratuities, ignores Reg. 146-2.18(b)'s reference to the "rebuttable presumption. . . ."

Although Defendants, in moving for reconsideration, recapitulate their argument that a determination that the challenged provisions are preempted by federal tax law is required to avoid manifest injustice, even if the Shindel Affidavit were considered, it simply contains no argument illustrating the impossibility of complying with both the Challenged Provisions and § 26 C.F.R. § 31.3306(b) as required for preemption. Rather, as determined by the undersigned, although § 31.3306(b) requires that federal withholding taxes must be withheld from gratuities paid to an employee, a point on which Defendants specifically seek reargument, Defendants' Memorandum at 3, such argument ignores that 26 U.S.C. § 3102(c) provides that if an employee's non-tip wages from which the mandatory withholdings under § 26 U.S.C. § 3102(c) must be paid are insufficient to cover all such withholdings, "the employee remains responsible for paying any tax due in excess of the employee's net wages." R&R at 18-19. Defendants' repeated assertion that the R&R "renders reporting for unemployment insurance

impossible because the employer will not have the information needed for federal unemployment reporting with the result of violations of law that tax preparers cannot 'provide [their clients] with a resolution to comply with this situation,'" Defendants' Memorandum at 4 (quoting and citing Shindel Affidavit ¶¶ 36, 33-36, and Shindel Affidavit Exh. N) (bracketed text in original), ignores the fact that the mandatory charges at issue are clearly revealed on each banquet customer's bill such that Defendants know exactly how much is required to be treated as a gratuity paid to Defendants' hourly employees and subject to federal withholdings, whether remitted by Defendants or by the employees.

Nor does Defendants' further assertion, Defendants' Memorandum at 3-4, that the mandatory charge may be subject to both withholding taxes, whether paid by Defendants or Plaintiffs, as well as New York sales tax paid by Defendants, despite resulting in increased and most probably unplanned expense to Defendants, establish that it is impossible to comply with both federal and state tax laws, and Defendants point to no new law to the contrary, or to any other contrasting law overlooked by the court in support of this assertion.

Accordingly, Defendants have failed to support their argument that reconsideration of the R&R is necessary to correct any clear error of law and avoid manifest injustice. Defendants' Reconsideration Motion accordingly is DENIED.

## **CONCLUSION**

Based on the foregoing, Defendants' Reconsideration Motion (Dkt. 51), is DENIED; the Shindel Affidavit (Dkt. 51-2), is STRICKEN from the record.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 20, 2016
         Buffalo, New York