UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELE DAVIS, and VICTORIA BLASZAK, on behalf
 of themselves and all other employees similarly situated,

REPORT
                                   Plaintiffs,                          and
                  v.                                            RECOMMENDATION

2192 NIAGARA STREET, LLC, CLASSIC EVENTS AT          15-CV-00429A(F)
THE LAFAYETTE, LLC, EVENTS AT THE FOUNDRY, LLC,
MOLLY FORD KOESSLER, WILLIAM KOESSLER, and
RIVERFRONT ON THE NIAGARA, LLC, doing business as
Acqua,
                                   Defendants.
_____

APPEARANCES:          THOMAS & SOLOMON LLP
                      Attorneys for Plaintiffs
                      JESSICA LYNNE LUKASIEWICZ,
                      MICHAEL J. LINGLE,
                      PATRICK J. SOLOMON, and
                      SARAH E. CRESSMAN, of Counsel
                      693 East Avenue
                      Rochester, New York  14607

                      SCHRÖDER, JOSEPH & ASSOCIATES, LLP
                      Attorneys for Defendants
                      GINGER D. SCHRÖDER, and
                      LINDA H. JOSEPH, of Counsel
                      392 Pearl Street
                      Suite 301
                      Buffalo, New York  14202

                      SHAFER and ASSOCIATES, P.C.
                      Attorneys for Defendants
                      BRADLEY J. SHAFER, and
                      MATTHEW J. HOFFER, of Counsel
                      3800 Capitol City Boulevard
                      Suite 2
                      Lansing, Michigan  48906

**JURISDICTION**

This case was referred to the undersigned on December 30, 2015, by Honorable Richard J. Arcara for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion to dismiss Plaintiffs' first claim for lack of subject matter jurisdiction and to decline to exercise supplemental jurisdiction over Plaintiffs' state law claims (Dkt. 95), filed March 10, 2020.

**BACKGROUND**

On May 12, 2015, Plaintiffs Michele Davis and Victoria Blaszak (together, "Plaintiffs"), commenced this purported class action against Defendants 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, Molly Ford Koessler, William Koessler, and Riverfront on the Niagara, LLC, doing business as Acqua (together, "Defendants"), alleging that while employed as hourly banquet servers at the various restaurants owned and/or operated by Defendants, Plaintiff were deprived of wages, pay and tips in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and New York Labor Law §§ 191 *et seq*. ("NYLL"), for which Plaintiffs seek monetary damages, pre- and post-judgment interest, injunctive relief, and the costs of this action, including reasonable attorneys' fees.  On November 3, 2015, Plaintiffs filed an amended complaint as of right (Dkt. 18) ("Amended Complaint"), asserting six claims for relief including illegal retention of gratuities in violation of NYLL § 196-d ("§ 196-d"), Amended Complaint ¶¶ 125-29 ("First Claim" or "Gratuity Claim"); failure to properly calculate

overtime rate of pay in violation of the FLSA, *id*. ¶¶ 130-32 ("Second Claim"); unpaid overtime wages in violation of NYLL, *id*. ¶¶ 133-35 ("Third Claim"); unpaid overtime in violation of the FLSA, *id*. ¶¶ 136-38 ("Fourth Claim"), spread of hours violations under NYLL, *id*. ¶¶ 139-41 ("Fifth Claim"); and NYLL wage notice violations, *id*. ¶¶ 142-47 ("Sixth Claim").  On December 16, 2015, Plaintiff filed a motion for class certification with regard to the First Claim (Dkt. 27) ("class certification motion").  Defendants' answer to the Amended Complaint and exhibits (Dkts. 28 and 29), were filed December 17, 2015. An amended answer asserting affirmative defenses (Dkt. 43) ("Amended Answer"), was filed on March 8, 2016.

On January 25, 2016, Defendants moved to dismiss the First Claim for illegal retention of gratuities in violation of § 196-d and the regulations promulgated thereunder (Dkt. 33) ("motion to dismiss").  In a Report and Recommendation filed July 26, 2016 (Dkt. 50) ("July 26, 2016 R&R"), the undersigned recommended the motion to dismiss be denied.  On August 8, 2016, Plaintiff moved for reconsideration (Dkt. 51) ("motion for reconsideration"), and also filed objections to the July 26, 2016 R&R (Dkt. 52).  In a Decision and Order filed October 20, 2016, the undersigned denied the motion for reconsideration (Dkt. 59) ("October 20, 2016 D&O"), to which Defendants filed objections on November 4, 2016 (Dkt. 61).  In a Decision and Order filed January 2, 2019 (Dkt. 90) ("January 2, 2019 D&O"), District Judge Richard J. Arcara adopted the July 26, 2016 R&R, and recommitted the matter to the undersigned for further pretrial proceedings.[1]

---

[1] As recounted by Plaintiffs, Plaintiffs' Discovery Plan (Dkt. 92), at 1-2, filed February 21, 2020, to date, Plaintiffs' class certification motion is not fully briefed at the request of the parties pending resolution of objections Defendants filed with regard to the July 26, 2016 R&R and, after the January 2, 2019 D&O in

On April 9, 2020, Defendants filed the instant motion (Dkt. 95) ("Defendants' Motion"), asserting Plaintiffs' First Claim should be dismissed for lack of subject matter jurisdiction, as well as for the court to decline to exercise supplemental jurisdiction over Plaintiffs' First, Fifth and Sixth Claims.  Defendants' Motion is supported by the attached Defendants' Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 95-1) ("Defendants' Memorandum"), and an appendix of exhibits (Dkt. 95-2) ("Defendants' Exh(s). __").  On May 22, 2020, Plaintiffs filed Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Dkt. 98) ("Plaintiffs' Response").  On June 8, 2020, Defendants filed Defendants' Reply Memorandum of Law in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 99) ("Defendants' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion should be DENIED.


## FACTS[2]

Plaintiffs Michele Davis ("Davis"), and Victoria Blaszak ("Blaszak") (together, "Plaintiffs"), formerly worked for Defendants as banquet servers at Acqua Restaurants & Banquets ("Acqua"), Marquis de Lafayette by Acqua Catering & Banquets ("Lafayette"), and Foundry Hotel & Banquet ("Foundry") (together, "the Restaurants"), in the Buffalo, New York area.  The Restaurants are regularly engaged in the business of hosting banquets and catering private events such as weddings, bridal showers, and corporate bookings ("banquets").  Both Davis and Blaszak were non-exempt hourly employees

---

which Judge Arcara adopted the July 26, 2016 R&R, resolution of the instant motion to dismiss for lack of subject matter jurisdiction.

[2] Taken from the pleadings and motion papers filed in this action.

hired by Defendants at the hourly rate of $ 11 and worked as banquet servers with Davis also working as a banquet captain.

It is undisputed that added to each of the Restaurants' banquet customer's bill was a mandatory service charge ("mandatory charge"), calculated as 20% of the total bill for all food and beverages to be provided at the specific banquet and denominated on each banquet customer's invoice as a "Service Charge," "Ceremony Set Up" charge, or "Event Production Fee." Monies collected pursuant to the mandatory charges were not shared with the banquet servers or captains, but were retained by Defendants, and most banquet customers' invoices included a line showing "$0.00" for "Gratuity."

Under the First Claim, *i.e.*, the Gratuity Claim, Plaintiffs allege Defendants failed to properly disclose to their banquet customers that the mandatory charges were not gratuities and thus would not be shared with the banquet servers and captains and, under New York law, the failure to so disclose the nature of the mandatory charges required Defendants to treat the mandatory charges as gratuities and distribute the mandatory charges to the hourly banquet workers. Plaintiffs further allege that their portion of the mandatory charges should have been included in calculating the hourly pay rates when determining the amount of overtime earned by a banquet server or captain who worked in excess of 40 hours per week in violation of federal law ("Second Claim"), resulting in an underpayment of overtime wages in violation of New York law ("Third Claim"), and federal law ("Fourth Claim"). Plaintiffs further claim Defendants violated New York law by failing to pay them one additional hour of their base pay as required when Plaintiffs worked in excess of 10 hours in a single day ("Fifth Claim"), or

to provide proper notice of their hourly wage rates by including in the rate the respective portion of the mandatory charges ("Sixth Claim").

## **DISCUSSION**

1.     **Law Relevant to Claims**

      To assist the reader, prior to addressing the parties' arguments regarding Defendants' Motion, the court first reviews the relevant law pertaining to Plaintiffs' claims.  The mandatory service charge at issue in this action is calculated as 20% of the cost of the food and beverage to be provided at each banquet, is subject to sales tax, and is listed on each customer invoice as a "Service Charge," an "Event Production Fee," or a "Ceremony Set Up" charge, with each invoice also showing an amount of "$ 0.00" for "Gratuity."  *See* Amended Answer Exh. A (Dkts. 28-1 through 28-8 and 29-1 through 29-10).  It is the money collected from customers as mandatory charges that Plaintiffs maintain under the First Claim should have been passed on to them as gratuities under § 196-d and the regulations promulgated thereunder, including 12 N.Y.C.R.R. 146-2.18 ("Reg. 146-2.18"), and 146-2.19 ("Reg. 146-2.19"), and also should have been included in calculating Plaintiffs' base hourly pay rate which would result in an increased overtime hourly rate when calculated as 1 ½ times an employee's base hourly rate.  Should the mandatory charges be held to constitute gratuities, the amounts collected as mandatory charges would be apportioned to each affected employee based on the amount of time each employee worked at each event for which mandatory charges were collected.

"By its plain terms, § 196-d bars employers from requiring tipped employees to share tips with employees who do not perform direct customer service – i.e., employees who are not 'busboy[s] or similar employee[s]' and employees who are managers or 'agent[s]' of the employer." *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) ("*Shahriar*") (quoting *Chan v. Triple 8 Palace, Inc.*, 2006 WL 851749, at * 16 (S.D.N.Y. Mar. 31, 2006)).  Previously, courts routinely held that service charges similar to the 20 % mandatory charge Defendants collect from each banquet customer were not gratuities regardless of whether the fees were shared with hourly food service employees, but in 2008, the New York Court of Appeals announced that whether a mandatory charge or service fee "is purported to be a gratuity should be weighed against the expectation of the reasonable customer as this standard is consistent with Labor Law § 196-d," *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 994-95 (N.Y. 2008), and held on a motion to dismiss for failure to state a claim that mandatory charges can be considered gratuities under § 196-d "when it is shown that employers represented or allowed their customers to believe that the charges were in fact gratuities for their employees.  An employer cannot be allowed to retain these monies [gratuities]."  *Id.* at 996 (bracketed material added).  Although the Court of Appeals found only that the facts as alleged by the *Samiento* plaintiffs were sufficient to state a claim under § 196-d, and not whether a violation of § 196-d had actually occurred, subsequent to *Samiento*, the New York Department of Labor ("DOL"), promulgated Reg. § 146-2.18, establishing that in circumstances similar to those at issue in *Samiento*, as well as in the instant case, there is a "rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified

7

materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity," 12 N.Y.C.R.R. § 146-2.18(b), which "must be distributed in full as gratuities to the service employees or food service workers who provided the service."  12 N.Y.C.R.R. § 146-2.18(a).  The DOL further promulgated Reg. 146-2.19, specifying that "[t]he employer has the burden of demonstrating, by clear and convincing evidence, that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity."  12 N.Y.C.R.R. 146-2.19(b).  Specifically,

> Adequate notification shall include a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is for administration of the banquet, special functions, or package deal, is not purported to be a gratuity, and will not be distributed as gratuities to the employees who provided service to the guests.  The statements shall use ordinary language readily understood and shall appear in a font size similar to surrounding text, but no smaller than a 12-point font.

12 N.Y.C.R.R. 146-2.19(c).[3]

The DOL thus provided detailed information as to how to avoid having a mandatory service charge collected on a banquet bill construed as a gratuity that must be distributed to banquet servers.  Further, under New York law, applicable to Plaintiffs' state Gratuity Claim, the DOL's "interpretation of a statute it is charged with enforcing is entitled to deference.  The construction given statutes and regulations by the agency responsible for their administration, 'if not irrational or unreasonable,' should be upheld." *Samiento*, 883 N.E.2d at 995 (quoting *Matter of Chesterfield Assoc. v. New York State Dept. of Labor*, 830 N.E.2d 287, 292 (N.Y. 2005) (further citation omitted)).

---

[3] Although it is undisputed that none of the invoices contains any statement under Reg. 146-2.19(c) specifying that such charge is "not purported to be a gratuity, and will not be distributed as gratuities to the employees who provided service to the guests," Defendants' compliance with the applicable regulations is not at issue on the instant motion.

In the instant case, Defendants maintain that the manner in which the mandatory charges are disclosed on the invoices, *i.e.*, as a "Service Charge," an "Event Production Fee," or a "Ceremony Set-Up" charge, is in compliance with Reg. 146-2.19's requirement that "adequate notification" of the nature of the charge "shall include a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is for administration of the banquet, special function, or package deal, is not purported to be a gratuity, and will not be distributed as gratuities to the employees who provided service to the guests."  12 N.Y.C.R.R. § 146-2.19(b).  This is significant in light of the rebuttable presumption under Reg. 146-2.18 "that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service' is a charge *purported to be a gratuity*," 12 N.Y.C.R.R. 146-2.19(b) (italics added), which, under § 196-d, Defendants are forbidden to retain but must, in accordance with § 196-d, distribute, in full, to the employees.

In their earlier motion to dismiss the Gratuity Claim for failure to state a claim (Dkt. 33),[4] Defendants argued the mandatory charges could not be construed as gratuities under either applicable federal tax law, federal labor law, or state tax law.  In denying Defendants' motion to dismiss the Gratuity Claim, this court rejected Defendants' argument that the Gratuity Claim was preempted by federal law based on either an actual conflict with federal law or because it is impossible for Defendants to comply with both federal and state law.  *See Davis v. 2192 Niagara Street, LLC*, 2016 WL 8969124, at ** 6-10 (W.D.N.Y. July 26, 2016), *reconsideration denied*, 2016 WL

---

[4] Defendants' motion to dismiss sought dismissal of only the First Claim, *i.e.*, the Gratuity Claim, alleging Defendants unlawfully retained monies collected from Defendants' customers pursuant to the mandatory service charge appearing on each customer's invoice.

6122450 (W.D.N.Y. Oct. 20, 2016), *report and recommendation adopted*, 351

F.Supp.3d 394 (W.D.N.Y. 2019).

### 2.      Subject Matter Jurisdiction

Defendants now move pursuant to 28 U.S.C. § 1367(a) ("§ 1367(a)") to dismiss

for lack of subject matter jurisdiction asserting the First Claim, *i.e.*, the Gratuity Claim,

asserted pursuant to New York Labor Law §§ 191 *et seq*., ("NYLL"), specifically, §

196(d), that Defendants unlawfully retained the monies collected as mandatory charges

despite failing to properly disclose to banquet customers that the mandatory charges

were not gratuities that would be shared with the hourly employees, does not arise out

of the same case or controversy as the federal claims pertaining to hourly overtime

wages asserted pursuant to the Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §§ 201 *et seq*. ("FLSA"), over which this court has original jurisdiction, *i.e.*,

federal question.  Defendants further move for a court order pursuant to 28 U.S.C. §

1367(c) ("§ 1367(c)") declining to exercise supplemental jurisdiction over three of the

four state law claims, including the First, Fifth, and Sixth.[5]  Insofar as Defendants move

for dismissal of the First claim under both § 1367(a) and § 1367(c), the arguments are

considered as alternatives.

The district court's exercise of supplemental jurisdiction is pursuant to 28 U.S.C.

§ 1367 ("§ 1367").  As relevant here, subsection (a) of § 1367 provides

> Except as provided in subsections (b) and (c) or as expressly provided by
> Federal statute, in any civil action of which the district courts have original

---

[5] Defendants do not move with regard to the Third Claim asserting Defendants violated NYLL by failing to pay overtime wages at rates of at least 1 ½ times the base hourly rates.

> jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . .

28 U.S.C. § 1367(a).

In the context of § 1367(a), "claims 'form part of the same case or controversy' when they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Restaurant Group, Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) ("*Shahriar*") (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). Once § 1367(a) is satisfied, "'the discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection § 1367(c)." *Id.* (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998). Further,

> where at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [*United Mine Workers of America v.*] *Gibbs*, [383 U.S. 725, 726 (1966)]: economy, convenience, fairness, and comity.

*Id.* (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004)).

## A.   28 U.S.C. § 1367(a) - Same Case or Controversy

In support of the instant motion, Defendants argue that because the Gratuity Claim turns on the court's construction of Defendants' catering contracts and banquet event order forms, *i.e.*, whether the 20% mandatory charge qualifies as a non-gratuity, the Gratuity Claim does not arise from the same case or controversy as the federal claims over which this court has original jurisdiction alleging unpaid overtime wages that are based on the hours Plaintiffs reportedly worked. Defendants' Memorandum at 6-12. Defendants also argue the Second Claim alleging the claimed violation of § 196-d

resulted in Plaintiff's overtime pay being undercalculated is "futile" because each Plaintiff was paid an hourly wage in excess of the applicable minimum wage such that no "tip credit" is included in calculating the hourly overtime wage rate and further demonstrating the Gratuity Claim and the Second Claim do not arise from the same case or controversy.  *Id*.  In opposition, Plaintiffs argue supplemental jurisdiction over Plaintiff's Gratuity Claim is proper under § 1367(a) because both the Gratuity Claim and Plaintiff's federal claims arise from Defendants' compensation policies and practices such that Plaintiffs would be expected to try them in one proceeding, Plaintiff's Response at 3-8, and that Defendants need not avail themselves of the so-called "tip credit" for there to be sufficient overlap between claims under New York Labor Law and the FLSA to try all claims in one action.  *Id*. at 9-10.  In further support of dismissal of the Gratuity Claim, Defendants maintain Plaintiffs, despite citing to numerous cases that addressed both NYLL and FLSA claims, Plaintiffs have failed to identify a single case where the issue of supplemental jurisdiction was addressed, asserting where, as here, the "sole connecting thread" between the state and federal claims is the employment relationship, supplemental jurisdiction does not exist.  Defendants' Reply at 3-9 & n. 3,  There is no merit to Defendants' argument that Plaintiffs are relying on the employment relationship as providing the "sole connecting thread" between the state and federal claims such that the state and federal claims do not arise from the same case or controversy.

The court first addresses Defendants' argument that Plaintiffs' arguments asserted in support of Plaintiffs' pending motion seeking class certification of the Gratuity Claim constitute an admission that this case is not predicated on a violation of

overtime laws under the FLSA, which is the subject of the federal claims over which this court has original jurisdiction, but on an alleged failure to distribute the mandatory charges to hourly employees as gratuities in accordance with § 196-d.  Defendants' Memorandum at 2-3 (citing Plaintiffs' Memorandum of Law in Support of Class Certification (Dkt. 27-1) ("Plaintiffs' Class Certification Memorandum"), at 1-2).  For example, in support of their class certification motion, Plaintiffs state, *inter alia*, "[t]he core question in this case is whether defendant's [*sic*] policy of retaining mandatory charges added to customer bills when it failed to ensure that the customers understood the charges were for administrative purposes and not gratuities which impacted all hourly banquet service employees the same, violates the NYLL. . . .  The claim arises from defendants' uniform policy of retaining gratuities."  Plaintiffs' Class Certification Memorandum at 1-2.  Such statements, according to Defendants, establishes the Gratuity Claim is factually and legally distinct from the Second and Fourth Claims asserting violations of overtime pay under the FLSA, and the only claim over which this court has original subject matter jurisdiction such that the Gratuity Claim and federal claims do not arise from a common nucleus of operative fact and the court cannot exercise supplemental jurisdiction over the Gratuity Claim.  Defendants' Memorandum at 2-4, 7-8.  Defendants concede, however, Defendants' Memorandum at 2-3, these statements were made by Plaintiffs in support of requesting class certification only for the Gratuity Claim.  As Plaintiffs argue in opposition, Plaintiffs' Response at 2, because Plaintiffs' class certification motion is concerned only with the Gratuity Claim, the arguments Plaintiffs' advance in support of such motion also deal only with the Gratuity Claim such that the class certification motion arguments have no bearing on

supplemental jurisdiction over this claim.  Accordingly, there is no merit to this argument.

Also without merit is Defendants' argument, Defendants' Reply at 4-6, that the numerous cases on which Plaintiff rely in support of supplemental jurisdiction in actions where claims involving service fees are asserted under both NYLL and the FLSA cannot be considered as legal precedent on the instant motion because in such cases the defendants overlooked the subject matter jurisdiction defense as did Defendants at the outset in the instant case, and in the remaining cases no service fee was at issue.  *Id*. at 6-7.  Rather, as the Second Circuit has instructed, both NYLL and the FLSA provide minimum wage and hours standards to protect workers.  *Shahriar*, 659 F.3d at 243. Accordingly, alleged "[v]ictims of wage and hour violations therefore often have parallel claims under both the FLSA and the New York Labor Law . . . ."  *Id*.  Further, claims pursuant to NYLL and the FLSA are considered to "clearly derive from  such a common nucleus of operative facts since they arise out of the same compensation policies and practices of [Defendants]."  *Id*. at 245.  Here, it cannot be argued that Plaintiff's Gratuity Claim challenging Defendants' retention of the mandatory charges as in violation of § 196-d, the Second and Fourth Claims asserting violations of overtime pay requirements under the FLSA, and the Third, Fifth and Sixth Claims asserting wage violations of various New York Labor Law provisions arise out of anything other than Defendants' compensation policies and practices.  In contrast, where overtime, spread of hours, and wage notice claims were asserted under the FLSA and NYLL in the same action asserting employment discrimination and retaliation claims based on age under New York law, the single FLSA overtime claim supporting the court's subject matter

jurisdiction, hinged solely on the number of hours worked and the compensation received and was determined to "involve vastly different and unrelated factual issues" than the discrimination and retaliation claims and "the employment relationship itself is insufficient to create a 'common nucleus of operative fact' between an FLSA claim and a state law, non-wage claim." *Figurowski v. Marbil Investors, LLC*, 2015 WL 4000500, at ** 2-3 (E.D.N.Y. July 1, 2015) (underlining added).  Here, all of Plaintiffs' claims are wage related.

Defendants note that because each Plaintiff was paid more than the minimum wage, Plaintiff's Second Claim alleging Defendant failed to include tips in calculating hourly overtime wage rates is without merit.  *Id.* at 7 n. 2.  Defendants thus assert that because Plaintiffs are paid in excess of minimum wage, Defendants do not avail themselves of the so-called "tip credit" such that Plaintiff's Second Claim asserting Plaintiff's hourly overtime wage rate was undercalculated is futile and cannot be considered as intertwined with Plaintiffs' Gratuity Claim so as to support a finding of a common nucleus of operative facts between the Gratuity Claim and the FLSA claims.[6] Defendants' Memorandum at 4-6, 9-11.  To assist in understanding Defendants' contention, an explanation of the tip credit follows.

Although both the FSLA and NYLL require employers pay their employees a minimum hourly wage, 29 U.S.C. § 206(a); N.Y. Lab. Law § 652, under both the FSLA and NYLL, an employer is permitted to pay a "tipped employee"[7] an hourly cash wage

---

[6] The court notes Defendants have not moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Second Claim for failure to state a claim

[7] Under the FLSA, a "tipped employee" is one "engaged in an occupation in which he customarily and regularly receives more than $ 30 a month in tips."  29 U.S.C. § 203(t).  Similarly, NYLL defines a "tipped employee" as "a service employee or food service worker [who] receives enough tips" to at least equal the statutory minimum wage.  12 N.Y.C.R.R. § 146-1.3.

below the statutory minimum wage so long as the base wage and the employee's tips, added together and divided by the number of hours worked, is at least equivalent to the minimum wage.  29 U.S.C. §§ 203(m), 206(a)(1); 12 N.Y.C.R.R. § 146-1.3(b); *Shahriar*, 659 F.3d at 239-40.  The allowance against the minimum cash wage is referred to as a "tip credit."  *Id*.  Where, however, an employer avails itself of the tip credit, the employer must add the amount of the tip credit, *i.e.*, the difference between the prevailing minimum hourly wage and the hourly wage paid employees, when calculating the hourly rate that serves as the basis for overtime wages.  29 C.F.R. § 531.60.  If the hourly rate is not increased to the minimum hourly rate as required, the resulting overtime hourly rate calculated as 1 ½ time the hourly rate will be lower than required.  Where, however, the employer does not avail itself of the tip credit, but pays employees at least the relevant minimum hourly rate, the same hourly rate is the base hourly rate upon which the 1 ½ time overtime hourly rate is calculated.  29 C.F.R. § 531.60.

In the instant case, Defendants argue that because each Plaintiff was paid in excess of the relevant minimum hourly wage, there is no merit to Plaintiff's Second Claim asserting underpayment of overtime wages based on Defendants' failure to include a portion of the mandatory charges in each employee's overtime hourly rate calculation further demonstrating that the Gratuity Claim does not arise from a common nucleus of operative facts as the federal overtime claims.  Defendants' Memorandum at 9-11.  Defendants' argument on this point, however, ignores the fact that both the Gratuity Claim and the FLSA overtime claims arise from Defendants' "compensation policies and practices."  *Shahriar*, 659 F.3d at 245.  *See also Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (exercise of supplemental jurisdiction was

proper where plaintiff's state and federal claims arose 'out of approximately the same set of events"). In particular, as whether Plaintiffs were entitled to receive the mandatory charges as gratuities for calculating Plaintiffs' overtime pay, in addition to their hourly wage, turns on the terms of the banquet contracts at issue, the key fact common to both federal and state claims, Defendants' argument falls on its own weight.[8] Accordingly, Defendants' assertion that their failure to avail themselves of the tip credit in compensating their employees does not deprive this court of supplemental jurisdiction over the Gratuity Claim.

### B.      28 U.S.C. § 1367(c) – Declining to Exercise Supplemental Jurisdiction

Although there may be supplemental jurisdiction over a state claim that the court determines "derive[d] from a common nucleus of operative fact" as a federal claim over which the district court has original jurisdiction, such that the state claim and federal claim "form part of the same case or controversy," *Briarpatch Ltd., L.P.*, 373 F,3d at 308, the district court may nevertheless decline to exercise such supplemental jurisdiction if

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Declining to exercise supplemental jurisdiction is within the district court's discretion.

*Gibbs*, 383 U.S. at 726 ("Subsection (c) of § 1367 'confirms the discretionary nature of

---

[8] Absent a motion to dismiss the federal overtime claims for failure to state a claim, Plaintiffs' assertion that the federal claims do not overlap is without merit.

supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))). *See also Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("In providing that a district court 'may' decline to exercise such jurisdiction, [section 1367(c)] is permissive rather than mandatory.") (citing *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)). In the instant case, having decided Plaintiff's First Claim forms part of the same case or controversy as Plaintiff's federal claims, and with Defendants essentially conceding the Fifth and Sixth Claims also form part of the same case or controversy as Plaintiff's federal claims, the court proceeds to consider whether one or more of § 1367(c)'s factors applies and, if so, whether declining to exercise supplemental jurisdiction over such claims promotes the values articulated in *Gibbs*. *Jones*, 358 F.3d at 214.

### 1. § 1367(c)(1) – Novel or Complex Issue of State Law

Defendants urge the court to decline pursuant to § 1367(c)(1) to exercise supplemental jurisdiction over the First Claim which Defendants maintain raises novel or complex issues of New York law. Defendants' Memorandum at 12-14. As Plaintiffs observe, Plaintiffs' Response at 11-12, although Defendants request the court refrain under § 1367(c)(1) from exercising supplemental jurisdiction over the First, Fifth and Sixth Claims, Defendants offer substantive argument on this point only with regard to the First, *i.e.*, Gratuity, claim. Toward that end, Defendants maintain the Gratuity Claim presents a novel issue regarding an asserted conflict between treatment of the mandatory charges under New York tax laws and the DOL's regulations issued with respect to NYLL § 106-a. Defendants' Memorandum at 12-13. In support of this

argument, Defendants rely on *Samiento*, 883 N.E.2d 990, for the proposition that because the mandatory charges are counted as revenue for sales tax purposes, the charges should not be considered as gratuities. *Id*. at 13 (citing *Samiento*, 883 N.E.2d at 995-96). A plain reading of *Samiento*, however, establishes it does not support Defendants' argument.

Specifically, in *Samiento*, the Court of Appeals observed the trial court should have considered the plaintiff's evidence demonstrating that the charges were gratuities, rather than fees treated as revenue subject to taxes. *Samiento*, 883 N.E.2d at 995. Moreover, the Court of Appeals was clear that the DOL's opinion letters support finding a mandatory charge can be considered a gratuity that must be shared with employees if not properly disclosed to customers otherwise. *Id*. The similarity of the issues before the Court of Appeals in *Samiento*, and the issues before the court in the instant action demonstrate the Gratuity Claim does not present a novel or complex issue of state law.

As such, there is no merit to Defendants' argument that this court should, in the exercise of its discretion, refrain from exercising supplemental jurisdiction over the First, Fifth, and Sixth Claims based on the presentation of a novel or complex question of state law.

## 2. § 1367(c)(2) – Substantially Predominates

Pursuant to 28 U.S.C. § 1367(c)(2), the district court has discretion whether to exercise supplemental jurisdiction over a state claim that "substantially predominates" over a federal claim. Here, Defendants urge the court, in its discretion, to refrain pursuant to § 1367(c)(2) from exercising supplemental jurisdiction over the Gratuity Claim as well as the Fifth and Sixth state law claims because the Gratuity Claim

substantially predominates over the federal claims.  Defendants' Memorandum at 14-

15.  According to Defendants, Plaintiffs' argument in support of their motion for class

certification of the Gratuity Claim that whether Defendants unlawfully retained the

mandatory charges instead of distributing such funds to Plaintiffs as tips is the "core

question" in this action establishes the proper construction of the mandatory charge

predominates over the federal claims asserting violations of overtime, the resolution of

which will turn on time records, *id*., and Plaintiffs' overtime claims have little, if any,

monetary value because Plaintiffs' were already paid hourly rates in excess of the

applicable minimum wage such that the hourly overtime rate need not be increased to

reflect of addition of any gratuities should the mandatory charges be construed as such.

*Id*.  In opposition, Plaintiffs assert that whether a claim has much monetary value is

irrelevant to whether a state law claim predominates over federal claims, Plaintiffs'

Response at 14, and Plaintiffs' statements in support of their pending motion for class

certification of only the Gratuity Claim, should not be misconstrued in connection with

the instant motion.  *Id*. at 14-15.

　　　Insofar as Defendants maintain the predomination of the First, Fifth, and Sixth

Claims over Plaintiffs' overtime claims, which are asserted pursuant to both federal and

state law, is demonstrated by the fact that the overtime claims are of relatively little

monetary value, Defendants' Memorandum at 15, the Second Circuit has rejected this

argument.  *See Shahriar*, 659 F.3d at 246-47 ("Although the number of claimants and

amount of potential damages in the [state law] claim may have been higher . . .

'[p]redomination under section 1367(c)(2) relates to the *type of claim* and here the state

law claims essentially replicate the FLSA claims – they plainly do not predominate.'"

(quoting *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761-62 (9th Cir. 2010) (italics

and bracketed material in original), *vacated on other grounds*, 565 U.S. 801 (2011)).

Any perceived disparity in likely damages thus is irrelevant to the court's exercise of

discretion over the First, Fifth, and Sixth Claims under New York law and, accordingly,

the argument on this point fails.

Further, Defendants admit the Third Claim alleging violations of NYLL regarding

overtime wages[9] is essentially the same claim as the Second Claim alleging violations

of the FSLA overtime wage provisions.  Defendants' Memorandum at 15.  Despite

arguing the Gratuity Claim predominates over both the federal and state overtime wage

claims, *id*. Defendants do not urge the court to refrain from exercising supplemental

jurisdiction over the state overtime wage claim. If the court were to refrain from

exercising supplemental jurisdiction over Plaintiff's First, Fifth, and Sixth Claims, *i.e.*,

three of the four state claims, left before the court would be the Second and Fourth

Claims asserting violations of overtime wage provisions of the FSLA as well as the Third

Claim asserting a violation of overtime wage provisions under the NYLL.  Although

Defendants maintains there is no merit to Plaintiff's Second Claim because Plaintiffs'

hourly wages exceed the minimum wage under both applicable federal and state law,

thus obviating the need to increase the base hourly rate upon which Plaintiffs' overtime

hourly rates are calculated, Defendants make no similar argument with regard to

Plaintiffs' Third Claim despite similar assertions under New York law.  *See* Defendants'

Memorandum at 4-6.[10]  Furthermore, assuming, *arguendo*, it is ultimately determined

---

[9] Defendants have not moved with regard to the Third Claim
[10] The court notes, to the contrary, that Defendants, relying on § 1367(c), argue "this Court should not entertain any of the state court claims, other than the NYLL claim for overtime wages set forth in the Third

either on summary judgment or at trial that the mandatory charges do constitute

gratuities that must be shared with Defendants' hourly employees, *i.e.*, Plaintiffs, the

determination of how to properly allocate such funds among Plaintiffs will likely require

evaluation of the number of hours worked by each Plaintiff, a factor that would also be

relevant to the overtime claims.

Accordingly, there is no basis supporting the court's declining to exercise

supplemental jurisdiction over Plaintiff's First, Fifth and Sixth Claims because such

claims predominate over the federal claims.

**3.      § 1367(c)(3) – Dismissal of All Claims Over Which District Court Had
Original Jurisdiction**

The third factor, *i.e.*, that all claims over which the district court had original

jurisdiction have been dismissed, does not apply in this case, and the parties do not

argue otherwise.  Accordingly, the court does not further address it.

**4.      § 1367(c)(4)  - Compelling Reasons**

Nor do Defendants argue the court should, pursuant to the fourth factor,

§ 1367(c)(4), decline to exercise jurisdiction over any claims "in exceptional

circumstances" where "there are other compelling reasons" for doing so; in fact,

Defendants identify no "exceptional circumstances" supporting the court's discretion to

not exercise supplemental jurisdiction.  Accordingly, the court thus does not further

address the fourth factor.

---

Cause of Action which parallels the FLSA claim for overtime wages."  Defendants' Memorandum at 6
(underlining added).

## **CONCLUSION**

Based on the foregoing, Defendants' motion (Dkt. 95), should be DENIED.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      June 9th, 2021
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      June 9th, 2021
            Buffalo, New York