**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

MICHELE DAVIS and VICTORIA BLASZAK, on behalf of themselves and all other employees similarly situated,

Plaintiffs,

**DECISION AND ORDER**
15-CV-429-RJA

v.

2192 NIAGARA STREET, LLC, CLASSIC EVENTS AT THE LAFAYETTE, LLC, EVENTS AT THE FOUNDRY, LLC, MOLLY FORD KOESSLER, WILLIAM KOESSLER, and RIVERFRONT ON THE NIAGARA, LLC, d/b/a ACQUA,

Defendants.

---

Plaintiffs Michele Davis and Victoria Blaszak ("Plaintiffs") brought this asserted class action against 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, Molly Ford Koessler, William Koessler, and Riverfront on the Niagara, LLC d/b/a/ Acqua ("Defendants"), alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Dkt. No. 18. Plaintiffs claim that they were employed as hourly banquet servers at various restaurants owned or operated by Defendants, and that they were improperly deprived of compensation for the work they performed. *See id.*

Currently before the Court are Defendants' objections (Dkt. No. 104) to Magistrate Judge Leslie G. Foschio's Report and Recommendation issued June 9, 2021 (Dkt. No. 102), which recommends denying Defendants' motion to dismiss

(Dkt. No. 95) Plaintiffs' first cause of action for lack of subject matter jurisdiction, and Defendants' request that the Court decline to exercise supplemental jurisdiction over three of Plaintiff's four state law claims.

For the reasons stated below, the Court adopts Judge Foschio's Report and Recommendation and denies Defendants' motion to dismiss.

**DISCUSSION**

The Court assumes the parties' familiarity with the case's factual and procedural background, which Judge Foschio set out in detail in his Report and Recommendation. *See* Dkt. No. 102, pp. 2-6. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(3), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.

Defendants object to the Report and Recommendation on the grounds that 1) under 28 U.S.C. § 1367(a), the Court has no supplemental jurisdiction over Plaintiffs' first cause of action under NYLL § 196-d (the "Gratuity Claim") because it is neither parallel to Plaintiffs' FLSA claims nor does it arise out of the same compensation policies as Plaintiffs' FLSA claims; and 2) under 28 U.S.C. § 1367(c), the Court should elect not to exercise jurisdiction over Plaintiffs' Gratuity Claim, Plaintiffs' fifth cause of action alleging NYLL spread of hours violations (the "Spread of Hours Claim"), and Plaintiffs' sixth cause of action alleging NYLL Wage Theft Prevention Act violations (the "WTPA Claim") based on the factors set out in § 1367(c).

Upon a *de novo* review of the Report and Recommendation, and after reviewing the record and the submissions from the parties, the Report and Recommendation is hereby adopted in its entirety.

## I. Plaintiffs' Gratuity Claims Arise from the Same Compensation Policy as their FLSA Claims

The Report and Recommendation found that the Court has supplemental jurisdiction over Plaintiffs' Gratuity Claim under 28 U.S.C. § 1367(a) because it arose from the same common nucleus of operative facts as Plaintiffs' FLSA claims. Dkt. No. 102, pp. 11-17. Judge Foschio relied on *Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc*, which found that "NYLL and FLSA actions clearly derive from . . . a common nucleus of operative facts [if] they arise out of the same compensation policies and practices of [a defendant]." *Salim Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Therefore, because the Magistrate Judge determined the Gratuity Claim involved the same compensation policies and practices as the FLSA claims, he concluded that the Court has supplemental jurisdiction. Dkt No. 102, pp. 16-17.

Defendants object on the grounds that Judge Foschio purportedly misapplied *Shahriar*. First, they argue that *Shahriar* also held that "parallel" claims under the NYLL and FLSA share a common nucleus of operative facts. Dkt. No. 104, pp. 4-5. However, nowhere in *Shahriar* does the Second Circuit prescribe this as alternate grounds for establishing supplemental jurisdiction. *See Shahriar*, 659 F.3d at 243 (merely observing that "[v]ictims of wage and hour violations . . . often have parallel claims under both the FLSA and the [NYLL]"). Furthermore, even if it did, Defendants concede that these grounds for supplemental jurisdiction would be *in addition* to the "same compensation policies and practices" grounds. *See* Dkt. No. 104, p. 4 ("[I]n *Shahriar*, the Second Circuit concluded that claims under the FLSA

and [NYLL] can arise under a common nucleus of operative facts *either* because the plaintiffs: (a) have parallel claims under the both the FLSA and the [NYLL]; *or* (b) they arise out of the same compensation policies.") (emphasis added) (internal quotations and Defendants' alterations omitted). Therefore, Plaintiffs' purported failure to allege "parallel" claims would not even require dismissing those claims. Accordingly, Defendants' interpretation of *Shahriar* is both incorrect and irrelevant to the Report and Recommendation's analysis.

Second, Defendants argue that the Gratuity Claim is not a part of the "same compensation policies" as the FLSA claims because gratuities only factor into Plaintiffs' overtime wages (the subject of Plaintiffs' FLSA claims) if Defendants availed themselves of a "tip credit." Dkt. No. 104, p. 5. However, nothing in *Shahriar* indicates an alleged gratuity must calculate into the specific compensation disputed under the FLSA claims in order to be considered a part of the "same compensation policies and practices" as the state claims. *See generally*, *Shahriar*, 659 F.3d at 245; *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (the exercise of supplemental jurisdiction is proper where a plaintiff's state and federal claims arise "out of approximately the same set of events"). Accordingly, determining whether Defendants availed themselves of the tip credit is unnecessary at this stage to establish supplemental jurisdiction. It is sufficient that the Gratuity Claim and the FLSA claims involve the Defendants' compensation practices for work allegedly performed in connection with the banquet contracts, as Judge Foschio reasoned. *See* Dkt. No. 102, pp. 16-17.

And third, Defendants argue that the Gratuity Claim is not a part of the "same compensation policies and practices" as the FLSA claims because the alleged gratuities were set out in customer-facing banquet contracts and depend on customer interpretations of the terms. Dkt. No. 104, pp. 4-5. However, Defendants fail to explain how the alleged gratuity's inclusion in the banquet contracts bars its involvement in an employer's broader compensation policies and practices. As stated above, the Gratuity Claim is based on compensation for the same work performed, at the same events, by the same employees as the FLSA claims. This Court agrees with Judge Foschio that these claims therefore arise from the same compensation policies or practices, even if they involve different specific terms or contracts. Dkt. No. 102, pp. 16-17.

Accordingly, based on the precedent set out in *Shahriar* and the allegations indicating Plaintiffs' Gratuity Claim and FLSA claims arise from the same compensation policies and practices, the Court finds that these claims arise from the same common nucleus of operative facts. Therefore, the Court may exercise supplemental jurisdiction over the Gratuity Claim under 28 U.S.C. § 1367(a). *See Shahriar*, 659 F.3d at 245.

## II. The § 1367(c) Factors Do Not Support Declining to Exercise Supplemental Jurisdiction

Magistrate Judge Foschio also recommends denying Defendants' motion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). Dkt. No. 102, pp. 17-22. If the requirements of 28 U.S.C. § 1367(a) are met, § 1367(c) allows

a court to nonetheless elect, in its discretion, to decline jurisdiction over the state claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Court should only refuse to exercise jurisdiction based on one or more of these factors if doing so would promote judicial economy, fairness, convenience, and comity. *Shahriar*, 659 F.3d at 245 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). This Court agrees with Judge Foschio's analysis that these factors do not weigh in favor of declining jurisdiction over Plaintiffs' Gratuity, Spread of Hours, and WTPA Claims, and finds that Defendants' objections fail to raise any grounds for declining jurisdiction.

Preliminarily, Defendants concede that the third factor is inapplicable, because all claims with original jurisdiction have not been dismissed by the Court. *See* Dkt. No. 104, at p. 3 n.1. They assert, however, that the remaining three factors enumerated in § 1367(c) "strongly" support their argument that the Court should decline to exercise supplemental jurisdiction over the state law claims.

Regarding the first factor, Defendants argued in their motion papers that the New York Court of Appeals decision in *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70 (2008) indicates Plaintiffs' Gratuity Claim raises a novel or complex issue of state

law.[1] Judge Foschio found to the contrary, however, that Plaintiffs' Gratuity Claim did not raise a novel or complex issue of state law and *Samiento* does not demonstrate a "conflict between treatment of the mandatory charges under New York tax laws and the DOL's regulations issued with respect to NYLL § 106-a." Dkt. No. 102, pp. 18-19 (citing *Samiento*, 10 N.Y.3d at 80). Defendants object to this conclusion on the grounds that *Samiento* did not resolve this purported conflict, and instead found only that the employer's treatment of a charge for tax purposes is acceptable evidence of whether that charge should be considered a gratuity. Dkt. No. 104, pp. 6-7.[2]

20 NYCRR § 527.8, relating to taxes on the sale of food and drink, states:

> (l) Gratuities and service charges. Any charge, made to a customer, is taxable as a receipt from the sale of food or drink, unless:
> (1) the charge is separately stated on the bill or invoice given to the customer;
> (2) the charge is specifically designated as a gratuity; and
> (3) all such monies received are paid over in total to employees.

20 NYCRR § 527.8. 12 NYCRR § 146-2.18, relating to charges purported to be a gratuity, states:

> Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.
> (a) A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service.

---

[1] Judge Foschio properly noted that Defendants only argued that the Gratuity Claim presented a novel or complex issue of state law, not the Spread of Hours or WTPA Claims. Dkt. No. 102 at 18. The same is true for Defendants' objections to the Report and Recommendation. *See* Dkt. No. 104, pp. 6-7.

[2] The Court did not address this purported conflict in its Decision and Order on Defendants' motion for judgment on the pleadings (Dkt. No. 33). *See* Dkt No. 90, p. 4 n.1.

> (b) There shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.
> (c) Employers who make charges purported to be gratuities must establish, maintain and preserve for at least six years records of such charges and their dispositions.
> (d) Such records must be regularly made available for participants in the tip sharing or tip pooling systems to review.

12 NYCRR § 146-2.18.

Defendants claim that if there is an absence of any disclosures in the banquet contracts indicating the service charges are not actually gratuities, as alleged by Plaintiffs, then under the presumption in 12 NYCRR § 146-2.18(b), those charges are gratuities. Dkt. No. 104, p. 6. However, Defendants argue, the sale would still be taxable as if it were a non-gratuity under 20 NYCRR § 527.8(I) since the charge is not specifically designated as a gratuity. Dkt. No. 104, p. 7. This purported discrepancy, Defendants reason, creates a conflict between these regulations and a novel issue of New York law, and a plain reading of *Samiento* does not demonstrate that the Court of Appeals considered and resolved this purported conflict. *See Samiento*, 10 N.Y.3d at 80 (merely finding that "[p]laintiffs should be entitled to show defendants' tax treatment of the charges since charges that are treated as gratuities for tax purposes could also be represented to patrons as being gratuities as well.").

However, an examination of the supposedly conflicting regulations does not reveal any "due process issues . . . [which] should be resolved by the New York courts" in this case. Dkt. No. 102, p. 7. As stated in Judge Foschio's Report and Recommendation on Defendants' motion for judgment on the pleadings, the

regulations are conflicting in Defendants' case only because they allegedly retained the funds that 12 NYCRR § 146-2.18(b) states should have been considered gratuities (or, alternatively, because they improperly failed to label the charges as non-gratuities). Dkt. No. 50, p. 24. Assuming*, arguendo*, that Defendants properly adhered to 12 NYCRR § 146-2.18 by *either* giving the charges to Plaintiffs as gratuities *or* by indicating in the banquet contract that the charges were not gratuities, there would be no taxing under 20 NYCRR § 527.8 that is inconsistent with fund ownership under 12 NYCRR § 146-2.18. Accordingly, there is no conflict forcing this Court to rule on a novel issue of state law should it retain jurisdiction.

Regarding the second factor, Judge Foschio found that the state claims do not substantially predominate over the FLSA claims, since any possible damages disparity is irrelevant and the factual bases of the claims are similar. *See* Dkt. No. 102, pp. 19-22. Defendants object and argue that the state claims substantially predominate over the FLSA claims because there are no directly parallel claims under FLSA. *See* Dkt. No. 104, pp. 7-8.

However, predominance is not determined by slight differences in the precise legal requirements of each claim, but by "the factual determinations . . . regard[ing] . . . [the defendant's] practices." *Shahriar*, 659 F.3d at 247. As set forth above, the same general factual determinations regarding Defendants' compensation practices underly both the state and federal claims in this case. Defendants do not set forth any factual disputes pertaining to Plaintiffs' state claims that are not generally relevant to their FLSA claims as well, much less any factual disputes substantially predominating over the case. *See* Dkt. No. 104, pp. 7-8; Dkt. No. 108, pp. 7-8.

Lastly, as to the fourth factor, Judge Foschio found no exceptional circumstances indicating the Court should decline jurisdiction here. *See* Dkt. No. 102, p. 22. Defendants argue that the stresses of the pandemic and the federal courts' caseload are sufficient reasons to decline jurisdiction. *See* Dkt. No. 104, p. 8. The Court disagrees, especially considering the fact that granting Defendants' motion would not even fully dispose of this case. *See* Dkt. No. 95 (seeking only partial dismissal).

Accordingly, none of the 28 U.S.C. § 1367(c) factors establish a compelling reason for the Court to decline to exercise supplemental jurisdiction over Defendants' Gratuity, Spread of Hours, and/or WTPA Claims.[3]

**CONCLUSION**

Upon *de novo* review of the Report and Recommendation and the underlying record, it is hereby

**ORDERED**, pursuant to 28 U.S.C. § 636(b)(1) and for the reasons set forth in Magistrate Judge Foschio's Report and Recommendation (Dkt. No. 102) and herein, Defendants' motion to dismiss (Dkt. No. 95) is DENIED; and it is further

[3] Defendants request in the alternative that should the Court adopt the Report and Recommendation, the Court certify the questions raised for an immediate appeal to the Second Circuit, "because the issue before the Court is a matter of jurisdiction." Dkt. No. 104, p. 8. Defendants have failed to meet their burden to justify an interlocutory appeal of this Court's Decision and Order. *See In re Motors Liquidation Co.*, No. 17-CV-8712 (AJN), 2018 WL 4284286, *3 (S.D.N.Y. Sept. 7, 2018) (burden is on moving party to establish grounds for interlocutory appeal). At the very least, an interlocutory appeal of this Decision and Order could not materially advance the ultimate termination of this litigation, as Defendants do not even seek a complete dismissal of Plaintiffs' claims. *Id.*; *see* Dkt. No. 95. Accordingly, the request for certification is also denied.

**ORDERED** that this case is recommitted to Magistrate Judge Foschio for further proceedings.[4]

**IT IS SO ORDERED.**

__*s/Richard J. Arcara*________
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: January 26, 2023
Buffalo, New York

[4] Briefing for Plaintiffs' motion for class certification (Dkt. No. 27) has been stayed, pending the resolution of the instant motion to dismiss. *See* Dkt. No 102, p. 3 n.1. Upon issuance of this Decision and Order, the parties' class certification briefing may continue with Judge Foschio.