UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELE DAVIS and VICTORIA BLASZAK,                                    DECISION
  on behalf of themselves and all other                                          and
  employees similarly situated,                                                        ORDER

                              Plaintiffs,                 15-CV-429-RJA-LGF

               v.

2191 NIAGARA STREET, LLC, CLASSIS
EVENTS AT THE LAFAYETTE, LLC, EVENTS
AT THE FOUNDRY, LLC, MOLLY FORD
KOESSLER, WILLIAM KOESSLER, and
RIVERFRONT ON THE NIAGARA, LLC,
D/B/A ACQUA,

                        Defendants.
_____

APPEARANCES:        THOMAS & SOLOMON PLLC
                        Attorneys for Plaintiffs
                        J. NELSON THOMAS,
                        JESSICA LYNNE LUKASIEWICZ, and
                        JONATHAN W. FERRIS, of Counsel
                        693 East Avenue
                        Rochester, New York  14607

                        SCHRÖDER, JOSEPH & ASSOCIATES, LLP
                        Attorneys for Defendants
                        GINGER D. SCHRÖDER, and
                        LINDA H. JOSEPH, of Counsel
                        394 Franklin Street
                        2nd Floor
                        Buffalo, New York  14202

                        SHAFER AND ASSOCIATES, P.C.
                        Attorneys for Defendants
                        BRADLEY J. SHAFER, and
                        MATTHEW J. HOFFER, of Counsel
                        3800 Capitol City Boulevard
                        Suite 2
                        Lansing, Michigan  48906

## JURISDICTION

This case was referred to the undersigned on December 30, 2015, by Honorable Richard J. Arcara, for all pretrial matters including preparation of a report and recommendation on dispositive motions. (Dkt. 30).  The matter is presently before the court on Defendants' motion for partial summary judgment (Dkt. 121), filed June 3, 2024, and Plaintiffs' cross-motion to preclude Defendants' reliance on evidence not previously disclosed and for discovery (Dkt. 127), filed July 25, 2024.

## BACKGROUND and FACTS[1]

On May 12, 2015, Plaintiffs Michele Davis and Victoria Blaszak (together, "Plaintiffs"), commenced this purported class action against Defendants 2192 Niagara Street, LLC, Classic Events at the Lafayette, LLC, Events at the Foundry, LLC, and Riverfront on the Niagara, LLC, doing business as Acqua (together, "Defendant Entities"), along with Molly Ford Koessler and William Koessler (together, "Koessler Defendants") (together, "Defendants"), alleging that while employed as hourly banquet servers at the various restaurants owned and/or operated by Defendants during the period 2009 to the present, Plaintiffs were deprived of wages, pay and tips in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and New York Labor Law §§ 191 *et seq*. ("NYLL"), for which Plaintiffs seek monetary damages and  injunctive relief.  On November 3, 2015, Plaintiffs filed an amended complaint as of right (Dkt. 18) ("Amended Complaint"), asserting six claims for relief based on violations of wages and hours under the FLSA and NYLL.  Plaintiff's motion

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

for class certification filed December 16, 2015 (Dkt. 27) ("class certification motion"), is not fully briefed and remains pending.  Defendants' answer to the Amended Complaint (Dkt. 28) was filed December 17, 2015.  An amended answer asserting affirmative defenses (Dkt. 43) ("Amended Answer"), was filed on March 8, 2016.  For reasons not pertinent to the instant motion, discovery in this action has been stayed since April 28, 2016 (Minute Entry, Dkt. 47).

Previous motions filed by Defendants to dismiss the Amended Complaint's first claim for failure to state a claim, (Dkt. 33), and to dismiss the Amended Complaint for lack of subject matter jurisdiction (Dkt. 95), have been denied.  *See* Dkt. 90 (January 2, 2019 Decision and Order adopting July 26, 2016 Report and Recommendation (Dkt. 50) recommending Defendants' motion to dismiss for failure to state a claim be denied); Dkt. 114 (January 26, 2023 Decision and Order adopting June 9, 2021 Report and Recommendation (Dkt. 102) recommending Defendants' motion to dismiss for lack of jurisdiction be denied).

At the parties' request, Dkt. 116, a stay on further briefing of Plaintiffs' class certification motion was continued pending anticipated mediation regarding which the parties were to file a status report by April 20, 2023.  *See* February 5, 2023 Text Order (Dkt. 117).  Accordingly, on April 20, 2023, the parties filed a status report (Dkt. 118) explaining the initial mediation session had to be adjourned to allow one of the attorneys to deal with a family death, and requesting an extension of time to commence mediation and file another status report.  By Text Order entered April 21, 2023 (Dkt. 119), the parties were directed to file a status report after their first mediation session.  When nothing further was filed by the parties, the undersigned, by Text Order entered May 14,

2024 (Dkt. 120), direct the parties to file within 30 days a status report either advising that mediation had commenced or explaining why it had yet to commence.

No status report was filed but on June 3, 2024, Defendants filed the instant motion for partial summary judgment pursuant to Fed.R.Civ.P. 56 ("Rule 56__") (Dkt. 121) ("Defendants' motion"), attaching the Memorandum of Law in Support of Motion for Summary Judgment on Behalf of Defendant 2192 Niagara Street, LLC (Dkt. 121-1) ("Defendants' Memorandum"), Defendants' Statement of Undisputed Material Facts in Support of Summary Judgment (Dkt. 121-2) ("Defendants' Statement of Facts"), with an appendix to exhibits (Dkt. 121-3), and exhibits 1 to 6 (Dkts. 121-4 through 121-9) ("Defendants' Exh(s). __").  By letter to the undersigned dated June 5, 2024, Defendants' counsel, joined by Plaintiffs' counsel, advised that mediation was not successful and "the parties are returning to litigation, including the continuation of discovery."  Dkt. 123.  On July 25, 2024, Plaintiffs filed a cross-motion to preclude Defendants' reliance on certain evidence and for leave to conduct discovery pursuant to Rule 56(d).  Dkt. 127 ("Plaintiffs' motion").  Plaintiffs' motion is supported by Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment and in Support of Plaintiffs' Cross-Motion (Dkt. 127-1) ("Plaintiffs' Memorandum"), the Rule 56(d) Affidavit of Adam T. Sanderson[, Esq.][2] (Dkt. 127-2) ("Sanderson Affidavit"), attaching exhibits A through H (Dkts. 127-3 through 127-10) ("Plaintiffs' Exh(s). __"), and Plaintiffs' Response to Defendants' Rule 56 Statement of Facts (Dkt. 127-11) ("Plaintiffs' Statement of Facts").  On August 7, 2024, Defendants filed the Attorney Affirmation of Alicia C. Rood[, Esq.] (Dkt. 129) ("Rood Affirmation"),

---

[2] Unless otherwise indicated, bracketed material has been added.

attaching exhibit A (Dkt. 129-1) ("Rood Affirmation Exh. A"), the Affidavit of Eugene G. Kershner, C.P.A. (Dkt. 129-2) ("Second Kershner Affidavit"),[3] with exhibits A and B (Dkts. 129-3 and 129-4) ("Second Kershner Affidavit Exh(s). __"), and the Memorandum of Law in Opposition to Plaintiffs' Cross Motion to Preclude and in Further Support of Defendant 2192 Niagara Street, LLC's Motion for Summary Judgment (Dkt. 129-5) ("Defendants' Response").  On August 14, 2024, Plaintiffs filed Plaintiffs' Memorandum of Law in Further Support of Plaintiffs' Cross-Motion to Preclude Defendants from Relying on the Affidavits of Eugene Kershner (Dkt. 130) ("Plaintiffs' Reply").  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion is DISMISSED without prejudice and with leave to refile; Plaintiff's motion is GRANTED as to the request for limited discovery pursuant to Fed.R.Civ.P. 56(d), but DISMISSED as moot insofar as Plaintiffs move to preclude the court's consideration of the Kershner Affidavits.


## DISCUSSION

Defendants move for partial summary judgment dismissing all claims asserted against Defendant 2192 Niagara Street, LLC ("Niagara Street"), arguing that Niagara Street is not an "employer" within the meaning of either the FSLA or NYLL but, rather, is merely a real estate holding company.  Defendants' Memorandum at 2.  As such, Niagara Street is not a proper defendant to Plaintiffs' claims which seek to recover damages for unpaid wages and pay, as well as injunctive and declaratory relief, *id*. at 3, a fact borne out by the Amended Complaint's lack of any allegations that Niagara Street

---

[3] Defendants' Exh. 1 (Dkt. 121-4) is the First Kershner Affidavit.

acted as an employer of any of the Named Plaintiffs or members of the purported class. *Id*. at 6-8. Defendants further maintain that the relationship between none of the Plaintiffs and Niagara Street satisfies any of the four "economic realities" factors that determine an employment relationship exists under the FSLA including "'whether the alleged employer (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.'" Defendants' Memorandum at 8 (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013)).

In support of their motion, Defendants rely on the affidavit of Defendants' accountant, Eugene G. Kershner, C.P.A. ("Kershner") ("First Kershner Affidavit"),[4] in which Kershner avers that he commenced providing accounting services to Defendants since 2012, and for the entire years of 2014 and 2015, First Kershner Affidavit ¶ 1, and since its inception, Niagara Street has been a real estate holding company without any employees and does not operate a catering business. *Id*. ¶ 2. Accordingly, Niagara Street's only source of income is rental income. *Id*. ¶ 3. Attached to the First Kershner Affidavit are copies of the deed for the real estate transaction in which Niagara Street purchased the property located at 2192 Niagara Street, in Buffalo, New York on May 16, 2011, Dkt. 121-5, and copies of Niagara Street's Profit and Loss statements for the years 2014, Dkt. 121-6, and 2015, Dkt. 121-7.

In opposition to Defendants' motion and in support of Plaintiffs' motion, Plaintiffs argue that Defendants' motion is premature because the stay on discovery since April 28, 2016 has prevented Plaintiffs from conducting the discovery necessary to oppose

---

[4] Filed as Defendants' Exh. 1 (Dkt. 121-4).

the motion.  Plaintiff's Memorandum at 6-8.  Plaintiffs specifically assert discovery may

establish that Niagara Street, based on its relationship with the other Defendants, is

liable as an employer based on the so-called "integrated enterprise" theory.  *Id*. at 8-10.

The factors that establish an integrated enterprise exists include (1) interrelation of

operations; (2) centralized control of labor relations; (3) common management; (4)

common ownership or financial control; (5) the use of common facilities and equipment;

and (6) family connections between or among the various enterprises.  *See Lihli*

*Fashion Corps., Inc. v. N.L.R.B.*, 80 F.3d 743, 747 (2d Cir. 1996), *as amended* (May 9,

1996).  Plaintiffs also argue that Defendants should be precluded from relying on the

Kershner Affidavit and the exhibits attached thereto because Defendants did not

disclose Kershner as a witness as required by Fed.R.Civ.P. 26(a)(1)(A), and

Defendants have not fully responded to discovery requests Plaintiff served in 2019.[5]

Plaintiffs' Memorandum at 18-21.  Alternatively, Plaintiffs request leave to conduct

discovery necessary to resolve this motion.  *Id*.

    In response, Defendants argue not only did Plaintiffs fail to move to compel

responses to any discovery requests Plaintiffs maintain remain outstanding,

Defendants' Response at 3, but the information Plaintiffs need to determine whether the

integrated enterprise theory applies here is publicly available, *id*. at 3-4, the allegations

of the Amended Complaint fail to allege any facts that could support the integrated

enterprise theory, *id*. at 4-7, and permitting Plaintiffs to conduct discovery on the

integrated enterprise theory will only further delay this action.  *Id*. at 7-8.  Defendants

also submit the Second Kershner Affidavit in which Kershner explains that Niagara

---

[5] It is not clear from the record why Plaintiffs served discovery requests on Defendants in 2019 given discovery has been stayed since April 28, 2016.  *See* Dkt. 47.

Street did not exist as an entity until August 2010, Second Kershner Affidavit ¶ 3, Niagara Street did not acquire the real property in question until 2011, *id*. ¶ 4, and maintains that in providing accounting services to Defendants, Kershner has reviewed Defendants' financial records from 2011 to present.  *Id*. ¶ 5.  In further support of their motion, Plaintiffs argue that because discovery in this action has been stayed since April 28, 2016, Plaintiffs could not move to compel, Plaintiffs' Reply at 1-4, the Kershner Affidavits contains information that is not publicly available, *id*. at 4-5, and assert that any delay resulting from permitting limited discovery on the integrated enterprise theory is attributed to Defendants' prematurely moving for partial summary judgment and basing such motion on an affidavit from an undisclosed witness and exhibits.  *Id*. at 5-6.

Preliminarily, the court observes that Plaintiffs cannot be faulted for not moving to compel discovery which has been stayed since April 28, 2016.  Accordingly, there is no merit to this argument by Defendants.  Plaintiffs further allege that Defendant Entities are related entities owned and operated by the Koessler Defendants, Amended Complaint ¶ 18, and have common ownership, share common management, have centrally organized and controlled human resources and labor relations, and constitute an integrated enterprise, *id*. ¶ 19, Defendant Riverfront on the Niagara, LLC is alleged to have a principal place of business, Acqua Catering, that operates out of a facility located at 2192 Niagara Street, *id*. ¶¶ 22, which is same real property for which Defendant Niagara Street is the holding company, *id*. ¶ 27, and Defendant William Koessler owns Niagara Street, *id*. ¶¶ 26-27, for which Molly Koessler serves as director of operations.  *Id*. ¶ 39.  Plaintiffs further allege that William Koessler serves at the proprietor and CEO of all Acqua locations, *id*. ¶ 41, and that all Defendants form a

single integrated enterprise as evidenced by the fact that Defendants commonly share employees who perform banquet service work at Defendants' various locations, *id*. ¶¶ 42-45, with one employee performing all payroll services for all Defendants. *Id.* ¶ 46. Thus, contrary to Defendants' argument, Plaintiffs have sufficiently pleaded facts that could establish that Niagara Street is part of an integrated enterprise with the remaining Defendants. *See Perez Perez v. Escobar Construction, Inc.*, 2024 WL 3594325, at * 4 (2d Cir. July 31, 2024) (summary order) (considering "the totality of the circumstances" and concluding that multiple corporate entities were, under the FLSA, a single employer because the corporate entities shared staff and work sites, paid employees from the same accounts belonging to all three entities, collectively advertised, and were controlled by the same person); *Lihli Fashion Corp., Inc.*, 80 F.3d at 747 (whether separate companies are a single employer depends on the totality of the circumstances and is characterized by an absence of arm's length transactions amount the otherwise unintegrated companies); *Jackson v. Total Relocation Services, LLC*, 2024 WL 4850814, at * 9 (S.D.N.Y. Nov. 21, 2024) (determining the plaintiff sufficiently alleged the defendants, including two corporate entities and two individuals, constituted "a single integrated employer" under the FLSA because the defendants shared a common ownership or management with interrelated operations). Further, insofar as Defendants maintain any information Plaintiffs seek to establish Niagara Street is part of an integrated enterprise so as to be liable as an employer is publicly available, as Plaintiffs argue, Plaintiffs' Reply at 4-5, the deed attached to the First Kershner Affidavit does not address any business operations, and the two profit and loss statements for the years 2014 and 2015 do not address any operations of Niagara Street for any other years at

issue in this action.  Nor does the New York Secretary of State record, filed as exhibit A to the Second Kershner Affidavit (Dkt. 129-3) show anything other than the date of Niagara Street's filing with the Department as a domestic limited liability company on September 2, 2020, a fact that sheds no light on whether Niagara Street is part of an integrated enterprise with any of the other Defendants to this action.  The court thus considers whether Plaintiffs are entitled to discovery limited to whether Niagara Street was part of an integrated enterprise as a basis of liability for Plaintiffs' claims.

"Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).  As recognized by the Supreme Court, "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"  *Id*. (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  "When a party has not had any opportunity for discovery, summary judgment is generally premature."  *Id*. (citing *Berger v. United States*, 87 F.3d 60, 65 (2d Cir. 1996)) (underlining in original).  A separate motion seeking discovery pursuant to Ruel 56(d) is not required; rather, "when a party facing an adversary's motion for summary judgment reasonably advises the court that it needs discovery to be able to present facts needed to defend the motion, the court should defer decision of the motion until the party has had the opportunity to take discovery and rebut the motion."  *Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 386 (2d Cir. 2001).  The Second Circuit instructs that a party requesting discovery pursuant to Rule 56(d) to defeat summary judgment

must submit an affidavit pursuant to Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), showing: "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."

*Lunts v. Rochester City Sch. Dist.*, 515 Fed.Appx. 11, 13 (2d Cir. 2013) (quoting *Meloff v. New York Life Insurance Co.*, 51 F.3d 372, 375 (2d Cir. 1995) ("*Meloff*").

Further, whether to permit a nonmovant discovery pursuant to Rule 56(d) to defend against summary judgment is within the court's discretion. *See Elliott v. Cartagena*, 84 F.4th 481, 493–94 (2d Cir. 2023) (observing it is within the district court's discretion whether to permit discovery pursuant to Rule 56(d)).

In the instant case, Plaintiff submitted the Sanderson Affidavit in which Sanderson describes the discovery Plaintiffs seek pursuant to Rule 56(d) so as to establish a question of fact as to whether the integrated enterprise theory precludes Defendants' motion for partial summary judgment dismissing all claims against Niagara Street. Sanderson specifically explains that such discovery includes documents and information pertaining to the Koessler Defendants' ownership and control over the other Defendant Entities, the corporate or business relationships between and among all Defendants, documents pertaining to the business structure and organization of Defendants, their reporting relationships, and involvement in each other's decision-making processes, as well as information pertaining to the financial control held by the Koessler Defendants over all Defendant Entities. Sanderson Affidavit ¶ 33. Attached to the Sanderson Affidavit are copies of discovery requests Plaintiffs served on Defendants prior to discovery being stayed, which request the same information. *See* Sanderson Affidavit Exhs. B, D and E (Dkts. 127-4, 127-6, and 127-7). Sanderson further states that Plaintiffs seek depositions of both Koessler Defendants, each of the

11

Defendant Entities, and Kershner, and also seek each of the documents on which Kershner relied in creating the 2014 and 2015 Profit and Loss statements for Niagara Street, as well as similar documents for the entire time period at issue, *i.e.*, 2009 to the present. *Id*. ¶ 40. Sanderson avers such information will permit Plaintiffs to determine whether Niagara Street is part of an integrated enterprise with the other Defendants. *Id*. ¶ 41.

The court finds that in the present context, the Sanderson Affidavit is in compliance with Rule 56(d)'s requirement that Plaintiffs show why, without discovery, Plaintiff cannot present facts to defeat summary judgment as required by *Meloff* by identifying the facts Plaintiffs seek, how those facts could demonstrate a genuine issue of material fact precluding summary judgment on the claims asserted against Niagara Street, as well as specifies the discovery to be pursued. The court thus exercises its discretion to defer ruling on the instant motion for partial summary judgment, and directs the parties to proceed to discovery limited to whether Niagara Street is part of an integrated enterprise so as to be considered an employer under the FLSA and NYLL. *Elliott*, 84 F.4th at 493–94 (reviewing for abuse of discretion district court's decision as to whether to permit discovery pursuant to Rule 56(d)).

Further, with the grant of Plaintiff's request for limited discovery pursuant to Rule 56(d), the court DISMISSES without prejudice Defendants' motion seeking partial summary judgment and Plaintiffs' motion insofar as Plaintiffs seek to preclude the Kershner Affidavits.

## CONCLUSION

Based on the foregoing, Defendants' motion (Dkt. 121) is DISMISSED without prejudice and with leave to refile; Plaintiffs' motion (Dkt. 127) is GRANTED as to the request for limited discovery pursuant to Fed.R.Civ.P. 56(d), but DISMISSED as moot insofar as Plaintiffs move to preclude the court's consideration of the Kershner Affidavits.  The discovery requested by Plaintiffs pursuant to Rule 56(d) shall be conducted **within 120 days** of receipt of this Decision and Order after which Defendants may again move for partial summary judgment to dismiss claims against Defendant Niagara Street.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    March 31, 2025
          Buffalo, New York